**BEDARD. Appellee, v. PROTETCH, d. b. a. OHIO NORTHERN TRUCK LINES, Appellee, WHEELING AND LAKE ERIE RAILWAY CO., Appellant. BEDARD, Appellee, v. PROTETCH, d. b. a. OHIO NORTHERN TRUCK LINES, Appellant, WHEELING AND LAKE ERIE RAILWAY CO., Appellee.**

Ohio Appeals, Ninth District, Summit County.

Nos. 4555, 4556. Decided October 12, 1955.

Brouse, McDowell, May, Bierce & Wortman, for appellee Catherine Bedard.

Buckingham, Doolittle & Burroughs, for appellee and appellant Jacob Protetch, d. b. a., etc.

Wise, Roetzel, Maxon, Kelly & Andress, for appellant and appellee The Wheeling and Lake Erie Railway Co.

## OPINION

By STEVENS, PJ.

Plaintiff filed her petition against defendants, seeking $30,000 damages for injury to a wooden frame mill building and its contents, located southwest of the grade crossing of the defendant Railway Co. and U. S. route 224 in Suffield Township, Portage County, Ohio.

In the petition it was alleged that on December 30, 1951, defendant Protetch operated a tractor and trailer, loaded with steel, westerly on U. S. route 224 across the railroad tracks of defendant Railway Co., between the rails of which there were holes from 5 to 6 inches deep; that said vehicle, passing over said grade crossing at a speed of about 60 miles per hour, struck one of said holes and was thereby caused to leave the highway and collide with and set fire to the building of plaintiff.

Negligence of Protetch was charged as follows:

1. In passing over the crossing at a high and dangerous speed of about 60 miles per hour, and at such speed as to endanger the property of plaintiff.

2. Failure to exercise ordinary care to observe the condition of such grade crossing.

3. Failure to exercise ordinary care to control the movement of the vehicle, so as to keep it on the highway and avoid colliding with plaintiff's building.

Defendant The Wheeling & Lake Erie Ry. Co. was alleged to be negligent as follows:

1. In failing to exercise ordinary care to keep and maintain its railroad crossing in repair, and reasonably safe and sufficient at the point of its intersection with U. S. highway route 224.

2. In failing to maintain a good and sufficient crossing at the point

of the intersection of its tracks with U. S. Route 224, well knowing the holes between the rails of its tracks in said crossing would be unsafe and dangerous to traffic in approaching and passing over the said crossing, and would endanger the property of the plaintiff herein.

An amendment of this latter specification was permitted during trial, so that, as amended, it read "between, adjacent and next to" the rails, etc.

Defendant Protetch answered, admitting: that there were deep holes over said railway crossing; that he operated the tractor and trailer in question over said crossing on U. S. Route 224; and that the driver of said truck, in passing over said crossing, was caused to lose control of said tractor and trailer and to collide with a building located adjacent to U. S. route 224, and damaging thereby said building, machinery and equipment located therein, but not to the extent claimed by plaintiff.

Said defendant then denied generally the allegations of the petition not admitted.

Defendant The Wheeling & Lake Erie Ry. Co., for answer, admitted: its corporate existence; that it maintained a grade crossing at right angles to U. S. route 224 west of Suffield in Portage County, Ohio; that on December 30, 1951, a tractor and trailer collided with a building located in close proximity to and southwest of the intersection of the tracks of defendant Railway Co. with said highway; and that said building was damaged by said collision, but not to the extent alleged in the petition.

The defendant Railway Co. then alleged that the collision between said vehicle and said building was directly caused by the negligence of the driver of said vehicle, in failing to exercise ordinary care to control the movement of said vehicle and to keep same on the highway, and in failing to avoid colliding with said building.

Further, said defendant denied generally the allegations of the petition not admitted.

The action upon trial to a jury resulted in a verdict and judgment against both defendants for $19,000 and costs.

Motions for judgment notwithstanding the verdict and for a new trial were filed by each defendant, and all were overruled by the trial court.

Appeal on questions of law by each defendant duly followed, the separate appeals being presented and heard together.

The assignments of error of both appellants may be grouped as follows:

1. Error in failing to sustain the motions for a directed verdict made at the close of all the evidence.

2. Error in the admission and rejection of evidence.

3. Error in the general charge of the court.

4. Error in overruling the motions of defendants for judgment non obstante veredicto.

5. That the judgment is not sustained by the evidence and is contrary to law.

6. Excessiveness of the verdict, and that the verdict was the result of passion and prejudice.

We have carefully read and considered the contents of the somewhat voluminous bill of exceptions in this case, and we are unanimously of the opinion that the evidence, at its conclusion, was such as required the trial court to submit the issues to the jury.

It is our conclusion that no prejudicial error intervened in overruling the defendants' motions for a directed verdict.

Under the second assignment of error, it is the claim of appellants that the court erred in permitting the plaintiff to testify, over objection, that the value of the building in question, on the day before the occurrence of which complaint was made, was $28,000, and $10,000 immediately after the fire; and also in overruling the respective motions of defendants to withdraw said testimony from the consideration of the jury.

It will be recalled that plaintiff was the owner of the building alleged to be damaged. She was not asked whether she had an opinion as to the fair and reasonable market value of the premises before and after the fire, but was asked to state the value thereof before and after the occurrence in question.

It is asserted by appellants that they "have been unable to find a report of any case in Ohio in which a plaintiff has been permitted to testify as to the value of real property solely because of ownership of the same."

We have encountered the same difficulty as counsel, in finding an Ohio case directly in point on the question presented. However, in the absence of such authority, we adopt the rule stated in 20 Am. Jur., Evidence, Sec. 892, as follows:

"It is generally recognized that the opinion testimony of the owner of property, because of his relationship as owner, is competent and admissible on the question of the value of such property, regardless of his knowledge of property values. It is not necessary to show that he was acquainted with the market value of such property or that he is an expert on values. He is deemed qualified by reason of his relationship as owner to give estimates of the value of what he owns. The weight of such testimony is, of course, affected by his knowledge of the value."

The above section, by its wording, appears to apply to real, as well as personal, property.

III Wigmore on Evidence (Third Ed.), Sec 714, states (at p. 45):

"The owner of land is deemed to be qualified to speak as to its value for the same reason as is the owner of personalty."

See also: McCaffery v. Northern Pacific Ry. Co., 134 N. W. 749, wherein an interesting and illuminating statement on this subject appears.

We hold that it was not prejudicial error for the trial court to admit the testimony of plaintiff owner, as to the value of the building immediately before and the value immediately after the fire; the weight to be given to that testimony was a matter for determination by the jury.

It is further asserted that the trial court committed error in admiting the cross-examination of defendant Railway Co.'s witness, Wigglesworth, who purchased the land, building and contents from plaintiff, after the fire, for $10,000.

512

The evidence shows that, after its purchase by him, Wigglesworth expended about $3,200 in repairs to the building. He did not claim that said amount was the extent of the damage, or that he ever attempted to place the building in the same condition in which it had been prior to the fire. He was qualified, as an experienced engineer and builder, and upon cross-examination stated as his opinion that to fully restore the building to its former condition might run as high as $18,000.

We think that the evidence of Wigglesworth, elicited upon cross-examination, was not only properly admitted, but was highly persuasive upon the question of damages.

We find no prejudicial error in that connection.

It is next urged that the court erred in its general charge to the jury when it stated:

"If you find by a preponderance of the evidence that both defendants were jointly and concurrently negligent in one or more of the particulars claimed, your next inquiry will be, has the plaintiff proven by a preponderance of the evidence that the joint and concurrent negligence of each defendant was a proximate or contributing cause of said occurrence and of any resulting damage to the plaintiff."

It is asserted that the failure of the court to include the word "directly" before "contributing cause" made the charge prejudicially erroneous.

It will be observed that the error, if such it be, was one of omission and not of commission.

A rending of the entire charge given, impels the conclusion that no prejudicial error intervened. The charge was a comprehensive and intelligent instruction to the jury concerning the issues, as to which counsel for appellant requested no modification or correction when given the opportunity to make such request. See: City of Piqua v. Morris, et al., 98 Oh St 42, paragraph 1 of the syllabus.

From what has been said concerning the first three assignments of error, it must be apparent that this court is of the opinion that the motions for judgment notwithstanding the verdict were properly overruled; and further, the claim that the judgment is not sustained by the evidence and is contrary to law, is not substantiated by the record.

As to the claim that the verdict was excessive, and was the result of passion and prejudice, we find in the record competent evidence from which the jury could conclude that the damages were in the amount found; and the amount of plaintiff's damages was a question to be determined by the jury under appropriate instructions.

We find nothing in this record which even suggests the existence of passion or prejudice on the part of the jury.

The judgment will be affirmed.

HUNSICKER and DOYLE. JJ, concur.