**WURZELBACHER et al., Appellants,**

v.

**COLERAIN TOWNSHIP BOARD OF TRUSTEES et al., Appellees.**

[Cite as *Wurzelbacher v. Colerain Twp. Bd. of Trustees* (1995), 105 Ohio App.3d 97.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–940217.

Decided June 28, 1995.

*Norbert M. Doellman, Jr.,* for appellants.

*James E. Reuter,* for appellee Colerain Township Board of Trustees.

*Roger Friedman,* for appellee William Zoz.

*Linda M. Zoz, pro se.*

---

GORMAN, Presiding Judge.

Plaintiffs-appellants, James and Joe Wurzelbacher, appeal from the judgment of the court of common pleas affirming the decision of the Colerain Township Board of Trustees ("the trustees") finding that the defendants-appellees, William and Linda Zoz, were not required to contribute to the cost of construction of a six-hundred-fifty-foot partition fence proposed by the Wurzelbachers on the parties' adjoining property line. The pivotal issue is whether, pursuant to R.C. 971.04, the finding of the trustees that the increase in value of the Zoz land after installation of the fence would not exceed the cost of the fence was supported by substantial, reliable, and probative evidence. We hold that it was.

■ R.C. 971.02, which provides for the building of partition fences in townships, states the following:

"The owners of adjoining lands shall build, keep up, and maintain in good repair, in equal shares, all partition fences between them, unless otherwise agreed upon by them in writing and witnessed by two persons. The fact that any land or tract of land is wholly unenclosed or is not used, adapted, or intended by its owner for use for agricultural purposes shall not excuse the owner thereof from the obligations imposed by this chapter on him as an adjoining owner * * *."

Under R.C. 971.04, the township trustees have the power to order the fence to be built and to assign to each party his or her share of the construction costs. When an apportionment of the costs is challenged, the burden is on the landowner opposed to sharing the costs of construction of a partition fence to prove that the cost of the fence will outweigh any value the fence will add to the land. *Glass v. Dryden* (1969), 18 Ohio St.2d 149, 47 O.O.2d 313, 248 N.E.2d 54, paragraph one of the syllabus.

In the first assignment of error, it is asserted that the trial court erred in affirming the decision of the trustees because there was no evidence presented to

the trustees that the cost of the partition line fence assessed against the Zozes would be greater than the increase in value to the land as a result of the fence.[1]

In reviewing an administrative decision pursuant to R.C. 2506.04, "a court is bound by the nature of administrative proceedings to presume that the decision of the administrative agency is reasonable and valid." *Community Concerned Citizens, Inc. v. Union Twp. Bd. of Zoning Appeals* (1993), 66 Ohio St.3d 452, 456, 613 N.E.2d 580, 584. The trial court can reverse the trustees only if it finds their decision was unconstitutional, illegal, arbitrary, capricious, unreasonable or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. R.C. 2506.04. This court is limited to reviewing the trial court's decision on questions of law, and when the factual determinations underpinning a judgment are challenged, we can reverse only if the trial court's judgment is against the manifest weight of the evidence. *Dudukovich v. Lorain Metro. Hous. Auth.* (1979), 58 Ohio St.2d 202, 207–208, 12 O.O.3d 198, 201–202, 389 N.E.2d 1113, 1117; *Reed v. Rootstown Twp. Bd. of Zoning Appeals* (1984), 9 Ohio St.3d 54, 59, 9 OBR 260, 264, 458 N.E.2d 840, 844 (C. Brown, J., dissenting); *Cincinnati Bengals, Inc. v. Papania* (1993), 92 Ohio App.3d 785, 787, 637 N.E.2d 330, 331. If the trial court's judgment is supported by some competent, credible evidence going to all the essential elements of the case, the judgment must be affirmed. *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 10 OBR 408, 461 N.E.2d 1273. Although findings of fact from evidence at an administrative hearing are not conclusive, neither this court nor the trial court may substitute its judgment upon the facts where the credibility of the witnesses is involved or administrative expertise is required. *Dudukovich, supra.*

This appeal turns exclusively upon the opinion evidence, or lack of it, in the record. Contending that there is no evidence to support the decision of the trustees, Wurzelbacher in reality argues that the evidence was insufficient as a matter of law. Therefore, we are not required to assess the weight of the evidence, but only to determine whether there is any competent, credible evidence to support the trustees' decision. *Ross v. Ross* (1980), 64 Ohio St.2d 203, 206, 18 O.O.3d 414, 416, 414 N.E.2d 426, 429. Opinion testimony of the owner of real estate as to its fair market value is competent regardless of the owner's knowledge of property values, and the weight to be given to the opinion is for the trier of fact. *Bedard v. Protetch* (App.1955), 78 Ohio Law Abs. 508, 5 O.O.2d 277, 151 N.E.2d 773; 3 Wigmore, Evidence (Chadbourn Rev.1970), Section

---

1. Although the Wurzelbacher deed is not in the record, the application to build a "line fence" states that only James Wurzelbacher is the owner of the real estate at 5854 Dry Ridge Road. Therefore, Joe Wurzelbacher does not have standing to appeal.

714. Neither party presented expert testimony at the hearing before the trustees. James Wurzelbacher, the owner, was not present at the hearing, but his father, Joe Wurzelbacher, testified in his absence. Because James Wurzelbacher's father was not a real estate appraiser or otherwise qualified as an expert on real estate values, he was not competent to express an opinion as to the value of the Zoz property before or after construction of the proposed fence. By contrast, Zoz, the owner of the real estate in question, acknowledged he lacked expertise as to real estate values, but the following colloquy is critical:

"Ms. Clancy: What is your feeling about the construction of the fence being of value to your property?

"Mr. Zoz: The construction of the fence, the thing that bothers is that I don't want the fence, I don't have anything to be fenced in. There is no need for me to have the fence, so I don't want the fence. As far as the value of the property, like I said, I don't feel that the fence is going to add or subtract from the value of the property at this point because nine acres of Colerain Township is nine acres of Colerain Township and a Twenty-six hundred dollar fence is obviously Twenty-six hundred dollars and that's it. Over the value of the property that is negligible addition or subtraction."

Zoz's unrebutted opinion is the only competent evidence in the record concerning the effect of the proposed fence on the value of his land. His justification is based on the fact that while James Wurzelbacher kept livestock on his land, Zoz did not.[2] Therefore, Zoz must prevail on the preponderance of the evidence.

We agree with the Fourth Appellate District's conclusion that the issue of value requires an objective test, but we find its decision in *McDonald v. Guyan Twp. Trustees* (Feb. 21, 1995), Gallia App. No. 94CA21, unreported, 1995 WL 75392, factually distinguishable for the very reason that expert testimony by a real estate appraiser was offered in that case to establish that the fence would benefit the adjoining owner. Here, there is no such evidence, and the trial court correctly limited its review to the opinion of Zoz, the owner.

In the second and third assignments of error, we are told that the trial court erred in refusing to permit the introduction of additional testimony at the trial court level or the presentation of argument concerning the basis for the appeal to the trial court. The argument is that the trial court therefore erred in affirming

---

**2.** Wurzelbacher's father testified that a benefit would be conferred on Zoz because of the "fence out" rule, which places the risk of liability for damage by livestock on owners of unenclosed land. In *State v. Powers* (1991), 73 Ohio App.3d 277, 279, 596 N.E.2d 1121, 1123 (Gorman, P.J., dissenting), it was noted that the Ohio common-law rule requiring the fencing out of livestock due to the adjoining landowner's lesser burden of enclosing the property for agricultural purposes was replaced by R.C. 951.01, which prohibits an owner from allowing livestock to run at large outside unenclosed land.

the decision of the board of trustees. We find no merit in these assignments of error.

R.C. 2506.03 provides that in an appeal from an order of an administrative office, "[t]he hearing of such appeal shall proceed as in the trial of a civil action, but the court shall be confined to the transcript" from the administrative office. Additional evidence may be presented to the court of common pleas if it appears on the face of the transcript or by affidavit filed with the court that the transcript is deficient in one or more of the respects enumerated in R.C. 2506.03(A)(1) through (5).

None of the exceptions provided for in R.C. 2506.03 apply to this case. Joe Wurzelbacher was given ample opportunity to present his case, to question William Zoz and to present any additional evidence before the board of trustees. The transcript contains a report of all evidence submitted by the parties and includes sufficient findings of fact on the sole issue before the board. Finally, the testimony presented to the board of trustees was given under oath. Therefore, the trial court did not err in refusing to permit the Wurzelbachers to present additional evidence and in deciding the case based upon the transcript from the board of trustees. The second assignment of error is overruled.

In addition, the trial court complied with Civ.R. 16 and Loc.R. 15 of the Court of Common Pleas of Hamilton County in conducting case-management conferences and reports prior to issuing its decision. Once the trial court determined that it would decide the case on the transcript from the board of trustees, it properly took the matter under consideration and subsequently issued its judgment. Because this case involved an appeal from an administrative office that was to be decided on the transcript and the law, there was no need for the trial court to provide additional opportunities to argue the case. Therefore, the third assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

SUNDERMANN, J., concurs.

DOAN, J., dissents.

DOAN, Judge, dissenting.

I would hold that William and Linda Zoz did not meet their burden of proof in showing that the cost of constructing the fence would be greater than the increase in value to their property as a result of the addition of the fence, as placed upon them by the Supreme Court in accordance with *Glass v. Dryden* (1969), 18 Ohio St.2d 149, 47 O.O.2d 313, 248 N.E.2d 54. The only evidence

presented to the board of trustees was the lay testimony of Joe Wurzelbacher and William Zoz. William Zoz specifically testified that he did not have an opinion on the effect a partition fence would have on the value of his property and further stated that he was not qualified to give an opinion on that subject. Although the evidence presented by Joe Wurzelbacher was equally subjective, he did not have the burden of proof in establishing whether the costs of constructing the fence would be greater than the increase in the value of the land. I believe that William and Linda Zoz were required to introduce objective evidence of the measurement of enhancement of the fence to the land in comparison to the costs of the fence to meet their burden of proof and to be relieved from the obligation imposed upon a landowner by R.C. 971.04 to share in the construction of a partition line fence. See *McDonald v. Guyan Twp. Trustees* (Feb. 21, 1995), Gallia App. No. 94CA21, unreported, 1995 WL 75392. The portion of William Zoz's testimony cited by the majority—that he did not believe that the addition of a fence would add or subtract from the value of his property—is, in my opinion, simply insufficient to meet the burden of proof. The majority's distinction of *McDonald* is irrelevant to my analysis of this case since the burden of proof was upon William and Linda Zoz and not upon James Wurzelbacher. The Zozes were required to put forth evidence to support their opposition to the apportionment of the cost of the fence to meet their burden of proof regardless of the evidence presented by Wurzelbacher.

Because the burden of proof was on William and Linda Zoz, and because no competent evidence existed in the record before the board of trustees or the trial court that the costs of constructing a partition fence would be greater than any increase in value to the property owned by William and Linda Zoz, I would hold that the decision of the board of trustees was not supported by the preponderance of substantial, reliable and probative evidence, and that the holding of the trial court affirming the board of trustees was therefore against the manifest weight of the evidence. Accordingly, I would find merit in the first assignment of error and would reverse the judgment of the trial court.