OPINION
Appellants, William Duncan, Destry Duncan and Kenneth B. Duncan, appeal the judgment of the Clinton County Court of Common Pleas affirming the decision of the Vernon Township Trustees ("the Trustees"), which required appellants to share in the costs of constructing a partition fence between appellants' property and that of an adjoining landowner. We affirm the decision of the common pleas court.
Jessie Wilson and Kathryn Wilson ("the Wilsons") own property adjacent to property owned by appellants. The Wilsons petitioned the Trustees to view the boundary line between the properties and ascertain whether a partition fence should be constructed and, if so, to determine the allocation of construction costs between the landowners.
On September 21, 1999, after providing notice to the landowners, the Trustees viewed the property boundary. At the viewing, the Trustees observed that the Wilsons kept cattle on their land and appellants were developing their property into a subdivision of single-family homes. After viewing the premises, the Trustees held a hearing concerning the partition fence. William and Destry Duncan testified that construction of a boundary fence would not be of economic benefit to them. After holding discussions, hearing testimony, and considering the view of the fence line, the Trustees resolved that a partition fence should be constructed in a reasonable time with costs divided equally between appellants and the Wilsons.
Appellants appealed the decision to the Clinton County Court of Common Pleas pursuant to R.C. Chapter 2506. The common pleas court affirmed the Trustees' decision. Appellants appeal the judgment of the common pleas court and raise three assignments of error.[1]
Assignment of Error No. 1:
 THE COURT OF COMMON PLEAS ERRED WHEN IT AFFIRMED A DECISION BY THE TOWNSHIP TRUSTEES REQUIRING APPELLANT [sic] TO PARTICIPATE IN THE CONSTRUCTION OF A PARTITION FENCE SINCE THERE WAS NO COMPETENT, CREDIBLE EVIDENCE TO SUPPORT THE ADMINISTRATIVE DECISION AND THE ONLY SWORN TESTIMONY SUPPORTS THE POSITION OF THE APPELLANT [sic].
Assignment of Error No. 2:
 THE COURT OF COMMON PLEAS ERRED WHEN IT AFFIRMED THE DECISION BY THE TOWNSHIP TRUSTEES WHICH REQUIRED THAT A LAND OWNER BE REQUIRED TO CONTRIBUTE TO THE COST OF A PARTITION FENCE WHEN THE ONLY TESTIMONY BEFORE THE TOWNSHIP TRUSTEES WAS THAT THE COST OF THE ERECTION OF THE PARTITION FENCE WILL EXCEED THE INCREASE IN THE VALUE OF APPELLANTS' LAND.
Assignment of Error No. 3:
 IT IS ERROR FOR THE COURT OF COMMON PLEAS TO CONSIDER AND MAKE AS A PART OF THE FACTS SET FORTH IN ITS JUDGMENT ENTRY, STATEMENTS OF ALLEGED FACTS SET FORTH IN A BRIEF FILED BY AN ATTORNEY WHEN SAID ALLEGED FACTS ARE NOT BEFORE THE COURT AS A MATTER OF RECORD.
In their assignments of error, appellants argue that the common pleas court erred by affirming the decision of the Trustees. Appellants maintain that the Trustees' decision is not supported by competent credible evidence. Appellants assert that the only evidence before the common pleas court was their unrebutted sworn testimony that the erection of a partition fence would be of no economic benefit to them and would decrease the value of their land.
R.C. Chapter 2506 provides for the appeal of a final decision of an administrative body to the common pleas court. In reviewing the administrative decision, the common pleas court must determine whether "the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable and probative evidence on the whole record." R.C. 2506.04. The decision of the administrative board is presumed to be valid and the burden of showing its invalidity rests on the contesting party. Consolidated Mgt., Inc. v. Cleveland (1983), 6 Ohio St.3d 238,240. Therefore, a common pleas court "should not substitute its judgment for that of an administrative board * * * unless there is not a preponderance of reliable, probative and substantial evidence to support the board's decision." Kisil v. Sandusky (1984), 12 Ohio St.3d 30, 34.
A judgment of a court of common pleas pursuant to R.C. Chapter 2506 may be appealed to the court of appeals on questions of law. R.C. 2506.04. The scope of review of the court of appeals is limited to determining whether the common pleas court correctly applied the standard of review prescribed by R.C. 2506.04. Dudukovich v. Lorain Metro. Housing Auth.
(1979), 58 Ohio St.2d 202, 207. The court of appeals must affirm the common pleas court unless the court finds "as a matter of law, that the decision of the common pleas court is not supported by a preponderance of reliable, probative and substantial evidence." Kisil at 34.
Generally, owners of adjoining lands in townships must build and maintain partition fences. R.C. 971.02 defines the rights and obligations of adjoining landowners and provides:
 The owners of adjoining lands shall build, keep up, and maintain in good repair, in equal shares, all partition fences between them, unless otherwise agreed upon by them in writing and witnessed by two persons. The fact that any land or tract of land is wholly unenclosed or is not used, adapted, or intended by its owner for use for agricultural purposes shall not excuse the owner thereof from the obligations imposed by this chapter on the owner as an adjoining owner. This chapter does not apply to the enclosure of lots in municipal corporations, or of adjoining lands both of which are laid out into lots outside municipal corporations, or affect Chapter 4959. [sic] of the Revised Code, relating to fences required to be constructed by persons or corporations owning, controlling, or managing a railroad.
However, the obligation of adjoining landowners to share in the costs of construction, repair and maintenance of a partition fence is not absolute. A landowner does not have to share in the costs of repair and construction of a partition fence if those costs exceed the difference between the value of the land before and after the repair or construction of the fence. Glass v. Dryden (1969), 18 Ohio St.2d 149, paragraph one of the syllabus; Zarbaugh v. Ellinger (1918), 99 Ohio St. 133, 137-38; Bd.of Trustees of Union Twp. v. Phelps (Oct. 31, 1990), Union App. No. 14-89-18, unreported; Brand v. Marion Twp. Trustees (Aug. 8, 1991), Hocking App. No. 90 CA 12, unreported.
When an adjoining landowner neglects to repair or construct a partition fence for any reason, including that the fence does not benefit his land, the aggrieved landowner may request the board of township trustees to compel the adjoining landowner to comply with R.C. 971.02. Under R.C.971.04, the township trustees have the power to order the repair or construction of a partition fence and to apportion the costs between the landowners. R.C. 971.04 states:
 When a person neglects to build or repair a partition fence, or the portion thereof which he is required to build or maintain, the aggrieved person may complain to the board of township trustees of the township in which such land or fence is located. Such board, after not less than ten days' written notice to all adjoining landowners of the time and place of meeting, shall view the fence or premises where such fence is to be built, and assign, in writing, to each person his equal share thereof, to be constructed or kept in repair by him.
A landowner will not be relieved from his obligation to share in the costs of construction or repair of a partition fence as determined by the township trustees on the mere assertion that the fence will not benefit his land. Glass, 18 Ohio St.2d at paragraph one of the syllabus; Parksv. Wayne Twp. Trustees (July 19, 1999), Fayette App. No. CA99-01-005, unreported. A landowner who claims that a partition fence will not benefit his land bears the burden of proving that the cost of complying with the order of the township trustees will exceed the difference between the value of the land before and after the installation or repair of the fence. Id; see, also, Wolfe v. Avon (1984), 11 Ohio St.3d 81, 84. There is a presumption that a partition fence benefits property immediately adjacent to it. Glass, 18 Ohio St.2d at 152. A partition fence, even if it only partially encloses land, provides some benefit because it prevents injury from livestock, deters trespassers, and lessens the cost of completing the enclosure of the property. Id.;Jennings v. Nelson (1921), 15 Ohio App. 395, 398-99. The presumption of benefit is particularly compelling where the trustees have complied with R.C. 971.04 and viewed the partition line in dispute and observed the subject properties.
The record before the common pleas court in this case was comprised only of the minutes of the Trustees' hearing at the Vernon Township Hall on September 21, 1999. The minutes summarize the discussion and the testimony as follows:
 William and Destry Duncan, Lester Ferguson, Jesse and Kathryn Wilson and Chad Carey were present at this meeting after meeting with the trustees at the fence line of the Wilson and Duncans [sic] property on S. George Road. Mr. Ferguson stated that Mr. and Mrs. Wilson could give their testimony. Mr. and Mrs. Wilson did not give testimony. Mr. William Duncan was swore [sic] in for his testimony. Mr. Duncan stated that the value of the Duncans [sic] property would be decreased by installing a new fence on the fence line. Mr. Destry Duncan was swore [sic] in for his testimony. Mr. Ferguson asked Destry if his testimony would be the same as William Duncans [sic] and Destry testified that it would be the same.
 Mr. Kratzer made a motion that a fence be replaced where the electric fence is now which is approximately 600 feet. This will be done in a reasonable time and the price of the fence is to be paid by the 2 property owners and will be split 50/50. Mr. Myers seconded the motion. All votes were yes. Unrebutted testimony from William and Destry Duncan was that the construction of a fence as indicated would be of no economic benefit to them.
There was no audio or stenographic recording of either the hearing at the township hall or the meeting at the fence line.
Usually, review of an administrative decision by the common pleas court is confined to the transcript as filed by the appellant. See R.C.2506.03(A). The common pleas court may allow the introduction of additional evidence if it appears on the face of the transcript or by an affidavit filed by the appellant that one of the following exceptions apply:
 (1) The transcript does not contain a report of all evidence admitted or profferred [sic] by the appellant;
 (2) The appellant was not permitted to appear and be heard in person, or by his attorney, in opposition to the final order, adjudication, or decision appealed from, and to do any of the following:
(a) Present his position, arguments, and contentions;
 (b) Offer and examine witnesses and present evidence in support;
 (c) Cross-examine witnesses purporting to refute his position, arguments, and contentions;
 (d) Offer evidence to refute evidence and testimony offered in opposition to his position, arguments, and contentions;
 (e) Proffer any such evidence into the record, if the admission of it is denied by the officer or body appealed from.
(3) The testimony adduced was not given under oath;
 (4) The appellant was unable to present evidence by reason of a lack of the power of subpoena by the officer or body appealed from or the refusal, after request, of such officer or body to afford the appellant opportunity to use the power of subpoena when possessed by the officer or body;
 (5) The officer or body failed to file with the transcript, conclusions of fact supporting the final order, adjudication, or decision appealed from.
R.C. 2506.03(A). Neither the court nor appellants requested that additional evidence be presented pursuant to R.C. 2506.03(A). Accordingly, the common pleas court was limited to reviewing only the minutes of the hearing to determine whether the Trustees' decision was supported by a preponderance of substantial, reliable and probative evidence.
Appellants correctly note that the common pleas court's entry appears to contain information about the Trustees' decision that is not included in the hearing minutes. Nonetheless, we are able to conclude that the common pleas court applied the correct standard of review and did not err in affirming the Trustees' decision. The record reflects, and the parties do not dispute, that the Trustees complied with R.C. 971.04 in every respect. The Trustees viewed the property boundary and permitted appellants the opportunity to prove that construction of the fence would not benefit their property. William Duncan and Destry Duncan testified that the construction of the fence would decrease the value of their property. The minutes are devoid of any evidence, other than the mere assertions of William and Destry Duncan, establishing the values of appellants' property with and without the fence. There is nothing in the minutes demonstrating that appellants met their burden of proving that sharing in the costs of constructing a boundary fence would exceed the difference between the value of their land before and after the installation of the fence.
Appellants maintain their "unrebutted testimony" that construction of a fence will not increase the value of their property prohibited the Trustees from compelling them to contribute to the costs of a partition fence. In support of their proposition, appellants rely upon Wurzelbacherv. Colerain Twp. Bd. of Trustees (1995), 105 Ohio App.3d 97.[2]Wurzelbacher is factually distinguishable from this case. InWurzelbacher, the landowner objecting to the construction of the fence provided an unrebutted opinion concerning the effect of the proposed fence on the value of his land. Id. at 100. The township trustees, acting pursuant to R.C. 971.04, found that the costs of constructing a fence on a party's property would exceed the benefits to the property. Id. at 99. The appellate court upheld the decision of the trustees by deferring to the administrative expertise of the trustees and their role in assessing the credibility of witnesses. Id. at 100-101. Contrary to Wurzelbach, the Trustees in this case, after viewing the properties and assessing the credibility of the appellants' testimony, determined that appellants should share equally in the cost of constructing the partition fence.
The Trustees' decision is presumed valid and appellants have the burden of demonstrating its invalidity. Appellants also bear the burden of adducing proof beyond their mere assertions that a partition fence will not enhance the value of their property. Appellants have failed to meet both requisite burdens of proof.
The decision of the common pleas court is not contrary to law. Appellants' assignments of error are overruled.
Judgment affirmed.
WALSH and VALEN, JJ., concur.
[1] The Trustees, appellants and the Wilsons agreed to appellate mediation prior to the submission of this appeal for our decision. In their brief, appellants note that the mediation resulted in a tentative agreement, but appear to blame the Wilsons for the breakdown of that agreement. This is wholly inappropriate conduct. Mediation communications are confidential and shall not be disclosed, subject to very limited exceptions. State ex rel. Schneider v. Kreiner (1998), 83 Ohio St.3d 203,206; R.C. 2317.023. This rule is based on the premise that confidentiality lies at the heart of successful mediation programs. Parties to a mediation must be confident that the information they are sharing will not be revealed outside of the mediation, especially to the court. We caution parties to keep mediation matters confidential and when in doubt, err on the side of nondisclosure.
[2] Appellants cite to "headnote #6" in Wurzelbacher. West Publishing headnotes, while probably useful for legal research, are not persuasive authority, constitute no part of the opinion of any Ohio court, and are not the "holding" of the court. State v. Beranek (Dec. 14, 2000), Cuyahoga App. No. No. 76260, unreported.