DECISION AND JUDGMENT ENTRY
{¶ 1} James Burchfield appeals the judgment of the Pickaway County Court of Common Pleas, affirming the Jackson Township Board of Zoning Appeals' decision that classified an asphalt plant located on Industrial District zoned property as a similar and permitted use. On appeal, Burchfield contends that the trial court erred because the approved use violates the 500 foot set back requirement contained in section 18.04.01 of the local zoning code. Because Burchfield failed to raise this issue in the trial court (even though he did raise it at the zoning board hearing), we will not consider it. Accordingly, we find that the trial court did not abuse its discretion and affirm the judgment of the trial court.
 I. *Page 2 A. Trial Court Case No. 2005-CI-117 {¶ 2} Westfall Investments, LLC ("Westfall Investments") owns the property in question while Westfall Aggregate and Materials, Inc. ("Westfall Aggregate") operates it. The property is located in an industrial zoned area of Jackson Township. The property was used as a gravel pit when Westfall Investments submitted an application for a zoning certificate seeking approval to place an asphalt plant on the site. The application was apparently approved that same day.
 {¶ 3} Debra Perkins, a resident near the proposed asphalt plant, appealed the approval to the zoning board. Her appeal was unsuccessful; she then appealed the zoning board's decision to the Pickaway County Court of Common Pleas. The court apparently affirmed the zoning board's decision for all the issues raised except it remanded the case back to the zoning board to determine whether the asphalt plant is a similar and permitted use in the Industrial Zone. No one appealed the court's decision.
 B. Trial Court Case No. 2006-CI-364 (This Case) {¶ 4} The zoning board eventually held a hearing to consider the issue on remand. Perkins testified but stated that she had moved from the area. The zoning board also heard from Burchfield. He argued, inter alia, that the asphalt plant fails to meet the 500-foot set back requirement of section 18.04.01 of the zoning code. The zoning board found that the proposed "ASPHALT PLANT IS A SIMILAR AND PERMITTED USE IN THE INDUSTRIAL AREA OF JACKSON TOWNSHIP AND SHOULD BE ALLOWED."
 {¶ 5} Burchfield, instead of Perkins, appealed the zoning board's decision to the Pickaway County Court of Common Pleas. Westfall Investments and Westfall *Page 3 
Aggregate intervened. Burchfield never articulated any specific assignments of error in the trial court and never filed any type of brief in support of any purported error.
 {¶ 6} Westfall Investments and Westfall Aggregate moved to dismiss the appeal on the ground that it was moot for various reasons. Burchfield filed a response to the motion, and that was Burchfield's only legal argument in the trial court. The trial court never expressly ruled on the motion to dismiss. Instead, the trial court found that "the decision of the Jackson Township Board of Zoning Appeals classifying an asphalt plant as a similar use in the Industrial classification is herebyAFFIRMED."
 {¶ 7} Burchfield appeals and asserts one assignment of error: "THE TRIAL COURT ERRED WHEN IT UPHELD THE DECISION OF THE JACKSON TOWNSHIP BOARD OF ZONING APPEALS APPROVING THE ZONING CERTIFICATE ISSUED TO WESTFALL INVESTMENTS LLC FOR AN ASPHALT PLANT BECAUSE THE USE FAILS TO COMPLY WITH SECTION 18.04.01 OF THE JACKSON TOWNSHIP ZONING RESOLUTION."
 II. A. Standard of Review {¶ 8} R.C. 2506.04 delineates the roles of trial and appellate courts in reviewing administrative decisions. Pursuant to R.C. 2506.04, a trial court may affirm, reverse, vacate, or modify an administrative decision if it finds that the decision "is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record." The trial court should not substitute its judgment for that of the administrative board unless the court finds that there is not a preponderance of reliable, probative and *Page 4 
substantial evidence to support the administrative decision. Kisil v.Sandusky (1984), 12 Ohio St.3d 30, 34.
 {¶ 9} The trial court's ruling "may be appealed by any party on questions of law." R.C. 2506.04. Thus, R.C. 2506.04 limits the court of appeals' role to reviewing questions of law. Kisil at 34; Lawson v.Foster (1992), 76 Ohio App.3d 784. In Kisil, the court commented that R.C. 2506.04 "grants a more limited power to the court of appeals to review the judgment of the trial court only on `questions of law,' which does not include the same extensive power to weigh `the preponderance of substantial, reliable and probative evidence,' as is granted to the common pleas court." Id. at fn4; Jenkins v. Gallipolis (1998),128 Ohio App.3d 376, 381. The court further stated, "[w]ithin the ambit of `questions of law' for appellate court review would be abuse of discretion by the trial court." Id.; accord Irvine v. Ohio Unemp. Comp.Bd. of Rev. (1985), 19 Ohio St.3d 15, 20 (Brown, concurring);Wurzelbacher v. Colerain Twp. Bd. of Trustees (1995),105 Ohio App.3d 97, 100. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." In re Jane Doe 1 (1991),57 Ohio St.3d 135, 137.
 B. Assignment of Error {¶ 10} Burchfield contends in his sole assignment of error that the use of the asphalt plant violates the zoning code. He asserts that the proposed use must comport with the 500-foot set back requirement. That is, the use must occur at least 500 feet away from a zoning district that allows residences.
 {¶ 11} The State claims that this issue was addressed in the first appeal to the trial court, and no one appealed the trial court's decision. Further, the State maintains that *Page 5 
the use complies with the 500-foot set back line because the near-by residential zoned property is in a flood plain, and thus, no homes are within 500 feet of the plant. In addition, the State asserts that Burchfield lacks standing to bring the appeal because Perkins brought the first appeal to the trial court.
 {¶ 12} We begin our analysis by noting that we do not have the record in the first appeal to the trial court. As such, we do not know the issues the trial court addressed. The parties do agree in their briefs that the trial court remanded the cause to the zoning board, and as a result of the remand, the zoning board found that the proposed asphalt plant was a similar and permitted use for industrial zoned property. We do have the record for the second appeal to the trial court, which involves this appeal.
 {¶ 13} Because we can resolve this appeal without deciding the "standing" issue raised by the State, we will assume (without deciding) that Burchfield has standing to bring this appeal.
 {¶ 14} It is well settled that a reviewing court will generally not consider issues in a civil action that are not raised for consideration in the trial court. State ex rel. Hamblin v. Brooklyn (1993),67 Ohio St.3d 152, 154; State ex rel. Zollner v. Indus. Comm. (1993),66 Ohio St.3d 276, 278; Miller v. Wikel Mfg. Co. (1989), 46 Ohio St.3d 76,78-79; Centennial Ins. Co. v. Liberty Mut. Ins. Co. (1980),62 Ohio St.2d 221, 226, fn. 5.
 {¶ 15} Here, Burchfield raised the "500-foot set back" issue in the remand hearing before the zoning board but did not raise it in the second appeal to the trial court. He filed his notice of appeal but never filed a brief, memorandum or other document raising the issue. We are a reviewing court. As such, when the issue is not raised in the trial court, we have nothing to review. Therefore, we will not consider the "500-foot set *Page 6 
back" issue. Consequently, we find that the trial court did not abuse its discretion when it affirmed the zoning board's decision.
 {¶ 16} Accordingly, we overrule Burchfield's sole assignment of error.
 JUDGMENT AFFIRMED. *Page 7 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and the appellant shall pay the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pickaway County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 Abele, P.J. and McFarland, J.: Concur in Judgment and Opinion. *Page 1