MAUST, Appellant,

v.

PALMER, Appellee.

[Cite as *Maust v. Palmer* (1994), 94 Ohio App.3d 764.]

Court of Appeals of Ohio,
Franklin County.

No. 93APE10–1483.

Decided May 12, 1994.

*Larry R. Zingarelli,* for appellant.

*Daniel R. Volkema* and *Eleanor L. Speelman,* for appellee.

WHITESIDE, Presiding Judge.

Plaintiff-appellant, Allan B. Maust, appeals from a judgment of the Franklin County Court of Common Pleas granting summary judgment to defendant-appellee, Robert G. Palmer. Plaintiff presents the following three assignments of error:

"1. The trial court committed reversible error in failing to grant an extension of time in which to acquire expert testimony to refute defendant's motion.

"2. The trial court committed reversible error by failing to rule in the plaintiff's motion to exclude the affidavit of Louis A. Jacobs.

"3. The trial court committed reversible error by entirely failing to rule on the fraud aspect of the plaintiff's claim."

Plaintiff retained defendant, an attorney, to represent him in an employment matter stemming from his termination from Bank One. Defendant commenced an action on behalf of plaintiff in the Franklin County Court of Common Pleas. The action resulted in the trial court's granting partial summary judgment to Bank One on plaintiff's employment claims. Plaintiff appealed the trial court's judgment.

On appeal, the record revealed that plaintiff had signed a release and accepted a severance package as consideration for the release upon his termination from Bank One. Plaintiff failed to tender back the consideration prior to instituting suit; therefore, this court held in *Maust v. Bank One Columbus, N.A.* (1992), 83 Ohio App.3d 103, 110, 614 N.E.2d 765, 769–770: " * * * [P]laintiff's claims here are barred by a valid release executed in favor of * * * [Bank One]."

Plaintiff filed a complaint[1] in the Franklin County Court of Common Pleas alleging that defendant committed professional malpractice and fraud. Defendant filed a motion to dismiss, attaching excerpts from the record from *Maust, supra,* in support of his motion. Plaintiff contested defendant's motion and requested leave to file a second amended complaint. The trial court granted plaintiff leave to file a second amended complaint. In addition, the court notified the parties of its intention to convert defendant's motion to dismiss into a motion for summary judgment pursuant to Civ.R. 12(B). The court set forth a schedule for submission by the parties of additional memoranda and evidence and set a hearing date.

Plaintiff filed his second amended complaint, containing a jury demand, but presented no new claims for relief. Defendant renewed his motion to dismiss (converted to summary judgment) and submitted in support the affidavit of Louis A. Jacobs, Professor of Law, and supervising attorney at the Ohio State University College of Law. Professor Jacobs stated in his affidavit that it was his opinion, to a reasonable degree of legal certainty, that defendant's representation of plaintiff met the minimum professional standards of care for attorneys who practice in Ohio.

Plaintiff, in response to this affidavit, filed a memorandum contra and requested an extension of time in which to respond until the end of the court-scheduled discovery period, which would be a continuance of more than one year.

Prior to the trial court's rendering a decision on the pending motions, plaintiff also filed a motion to strike the affidavit of Louis A. Jacobs. In support of this motion, plaintiff submitted his own affidavit stating that he had conferred with Professor Jacobs concerning the pending matter and developed an attorney-client

---

1. Plaintiff's complaint was amended later the same day.

relationship and that plaintiff Professor Jacobs's affidavit should be stricken from the record.

Without ruling on plaintiff's motion to strike, the trial court rendered a decision on September 22, 1993, on defendant's motion for summary judgment and plaintiff's motion for extension of time. The trial court denied plaintiff a continuance, stating:

"At this juncture, the Court is not inclined to essentially stay this matter for 15 months while Plaintiff attempts to locate an expert. It is assumed that these matters are at least discussed prior to the filing of a complaint, as required by Civ.R. 11.

"Accordingly, the Court finds the motion of Plaintiff to withhold the ruling and for an extension of time not to be well-taken and hereby OVERRULES the same."

As to the summary judgment motion, the trial court found the alleged acts of legal malpractice required an expert's affidavit to defeat summary judgment. The trial court stated:

"Therefore, since Plaintiff has not presented any expert affidavits to rebut Defendant's motion, there are no genuine issues of material fact, reasonable minds could only conclude that Plaintiff could not prove that Defendant committed legal malpractice, and Defendant is, therefore, entitled to judgment as a matter of law."

Prior to the trial court's entering judgment in accordance with its decision, defendant filed a memorandum opposing plaintiff's motion to strike. Attached was a second affidavit from Professor Jacobs, in which he stated that he has no recollection of ever having a conversation with plaintiff and that he has never represented plaintiff. Plaintiff filed a motion for reconsideration urging the trial court to rule on the motion to strike prior to entering judgment.[2] On October 5, 1993, the trial court entered judgment in accordance with its previous decision. From this judgment, plaintiff filed a timely appeal.

The court will initially address plaintiff's second assignment of error, in which plaintiff contends that the trial court committed reversible error by failing to rule on his motion to strike Professor Jacobs's affidavit from the files. Plaintiff argues that he was prejudiced by the trial court's failure to rule on his motion, for Professor Jacobs's affidavit should have been excluded, and, therefore, the trial court had no basis for granting summary judgment to defendant.

---

**2.** Plaintiff also argued that the trial court failed to rule on his fraud claim.

In support of his motion to strike, plaintiff submitted his own affidavit, wherein he stated that he had an attorney-client relationship during which they discussed the merits of this case. Accordingly, based on attorney-client privilege, plaintiff requested that Professor Jacobs's affidavit be stricken from the record. Defendant disputes that such a relationship ever existed and submitted an affidavit from Professor Jacobs to that effect. In the alternative, defendant argued that, even if such a relationship did exist, it did not affect Professor Jacobs's competency as a witness but would only "create an ethical problem for Professor Jacobs."

The issue is not the competency of the affiant but, rather, the admissibility of the opinion evidence contained in the affidavit. If an attorney-client relationship had existed, Professor Jacobs might be barred from testifying pursuant to R.C. 2317.02, which reads in pertinent part:

"The following persons shall not testify in certain respects:

"(A) An attorney, concerning a communication made to him by his client in that relation or his advice to his client * * *."

While this privilege can be waived, it can only be waived by the client, not the attorney. As noted in *Am. Motors Corp. v. Huffstutler* (1991), 61 Ohio St.3d 343, 575 N.E.2d 116, at paragraph one of the syllabus:

"An attorney has no right under the First Amendment to the United States Constitution or Section 11, Article I of the Ohio Constitution to disseminate information protected by the attorney-client privilege."

Furthermore, in *Am. Motors Corp.*, the court found an injunction preventing an attorney from testifying at trial to be an appropriate remedy in order to protect the attorney-client privilege. Public policy consideration precludes affidavit testimony or evidence which violates R.C. 2317.02 from being considered on a summary judgment motion. Admission of such evidence would constitute error by the trial court.

The trial court did not determine whether an attorney-client relationship existed between Professor Jacobs and plaintiff. Since the parties have presented contradictory evidence on this issue, a decision on the motion to strike cannot be made without resolution of the conflict. This involves determining the credibility of the witnesses and the weight to be given the testimony of each. Except possibly in extraordinary circumstances, this requires an evidentiary hearing during which the trial court can assess the witness's credibility and veracity.

This matter was before the trial court on summary judgment and, as stated in *Aglinsky v. Cleveland Builders Supply Co.* (1990), 68 Ohio App.3d 810, 589 N.E.2d 1365, citing *Sartor v. Arkansas Natural Gas Corp.* (1944), 321 U.S. 620, 64 S.Ct. 724, 88 L.Ed. 967: "Issues of credibility of affiants are not issues

properly decided or disposed of by a motion for summary judgment." Furthermore, even if the trial court were to resolve the conflicting affidavits without an evidentiary hearing, the trial court would be required to construe the evidence presented in accordance with Civ.R. 56(C), which reads in pertinent part:

" * * * Summary judgment shall be rendered forthwith if the pleading * * * show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. * * *"

From the conflicting evidence presented, construed most strongly in favor of plaintiff (the nonmoving party), the trial court could come to no other conclusion than that an attorney-client relationship did exist between plaintiff and Professor Jacobs. The trial court would err in relying on an affidavit opinion based even in part upon privileged information to grant summary judgment to defendant.[3]

Generally, when the trial court enters judgment without expressly determining a pending motion, the motion is considered impliedly overruled. *Solon v. Solon Baptist Temple, Inc.* (1982), 8 Ohio App.3d 347, 8 OBR 458, 457 N.E.2d 858 (failure to rule on motion for leave to file amended counterclaim). See, also, *Hayes v. Smith* (1900), 62 Ohio St. 161, 56 N.E. 879 (where court fails to rule on objection during trial, it will be presumed to have overruled objection).

As noted, *supra*, if the trial court resolved issues of credibility in favor of defendant, the trial court did not construe the evidence most favorably to plaintiff, the nonmoving party, as required by Civ.R. 56. Even assuming that the trial court did not consider Professor Jacobs's affidavit, the trial court was still in error when it granted summary judgment to defendant since without such affidavit opinion there remains a genuine issue of material fact.

There is no "default" summary judgment under Ohio law. Defendant, the moving party, carries the burden of establishing that no genuine issue of material fact exists and that he is entitled to judgment as a matter of law. It is not the nonmoving party's duty to prove its case on summary judgment; it is the moving party's responsibility to establish the requirements of Civ.R. 56. See *Smith v. Doctors Hosp. North* (Mar. 22, 1994), Franklin App. No. 93APE08–1157,

---

**3.** Professor Jacobs's second affidavit filed after the trial court's decision suggests no communication from plaintiff formed a basis for his opinion. That issue is not determined hereby and was not determined in the trial court assuming that, if true, it would "cure" any privilege violation.

1994 WL 97188, unreported; *O'Brien v. Citicorp Mtge.* (Feb. 24, 1994), Franklin App. No. 93AP–1074, 1994 WL 57675, unreported. As stated above, plaintiff met any duty to present evidence to counter Professor Jacobs's affidavit by his motion to strike based upon lack of admissibility because of the attorney-client privilege. See *Wing v. Anchor Media, Ltd.* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095. Until that issue is resolved, it is not appropriate to consider Professor Jacobs's affidavit. Without Professor Jacobs's affidavit, the evidence in the record cannot establish that no genuine issues of material fact exist. Based on the foregoing, the trial court erred in granting summary judgment given the contradictory affidavits submitted by the parties. Plaintiff's second assignment of error is well taken.

Plaintiff alleges in his first assignment of error that the trial court erred in failing to grant an extension of time in which to acquire expert testimony to refute defendant's motion. Plaintiff alleges in his third assignment of error that the trial court erred by failing to rule on his fraud claim. Given this court's resolution of plaintiff's second assignment of error, plaintiff's first and third assignments of error have been rendered moot and need not be addressed pursuant to App.R. 12.

For the foregoing reasons, plaintiff's second assignment of error is sustained, plaintiff's first and third assignments of error are moot, the judgment of the Franklin County Court of Common Pleas is reversed, and this cause is remanded to that court for further proceedings in accordance with law, consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

BOWMAN and DESHLER, JJ., concur.