{¶ 52} I concur with the majority's reversal of the trial court's denial of Gill's Civ.R. 60(B) motion, but write separately because I believe the trial court's ruling should be reversed on different grounds.
 {¶ 53} In his motion, Gill argued that Buoscio's motion for summary judgment failed to demonstrate that Buoscio was entitled to summary judgment as a matter of law because this court in the prior appeal found issues of fact existed and remanded the case to the trial court for further proceedings. Buoscio's motion did nothing to rectify the conflict in the evidence, but merely argued that, based on this court's reversal of summary judgment in favor of Gill, judgment should be entered for Buoscio. The trial court, in its opinion denying the Civ.R. 60(B) motion, stated that it granted Buoscio's motion for summary judgment because it was unopposed. Therefore, the motion was not granted based on the merits, but on the trial court's erroneous belief that summary judgment motions must be opposed in order to avoid default judgment. However, there is no default summary judgment under Ohio law.Maust v. Palmer (1994), 94 Ohio App.3d 764,769; Rock v. Parma Bd. ofEduc. (Nov. 1, 2001), Cuyahoga App. No. 79268.
 {¶ 54} Furthermore, Civ.R. 60(B) is a remedial rule to be liberally construed to promote the ends of justice. Where timely relief is sought from a default judgment and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the judgment so that cases may be decided on their merits.Ondrejcak v. Jelly Rolls (Sept. 3, 1998), Cuyahoga App. No. 73997.
 {¶ 55} Therefore, I agree with the majority that the trial court erred in denying Gill's Civ.R. 60(B) motion and that judgment should be reversed.