DECISION
{¶ 1} Defendant-appellant, Lisa Barclay, appeals from a judgment of the Franklin County Court of Common Pleas confirming the sale and foreclosure of defendant's property located at 981 South Ohio Avenue, Columbus, Ohio.
 {¶ 2} Plaintiff-appellee, American Business Mortgage Services, Inc. ("ABMS"), initiated this action with a complaint for foreclosure filed October 18, 2002. The complaint avers that defendant was the obligor on a note secured by the mortgage in question, that defendant was in default on the note, and that the unpaid amount was $56,669.80, with interest from October 7, 2001. The complaint also named as defendants "Jan Doe, the unknown spouse of Lisa Barclay," and two junior lien holders.
 {¶ 3} Defendant filed on January 14, 2003 a "Notice of Lis Pendens" referencing her appeal to the United States Sixth Circuit Court of Appeals from the bankruptcy court's dismissal of her bankruptcy case. The subject property is one of the listed properties in the notice, and this pleading contains no indication of any stay issued by the bankruptcy court.
 {¶ 4} ABMS filed a motion for default judgment on June 20, 2003; the trial court granted default judgment of foreclosure in favor of ABMS on July 11, 2003. On October 21, 2003, defendant filed a motion to stay the sale proceedings and a motion to vacate the default judgment of foreclosure pursuant to Civ.R. 60(B). The court entered its judgment on December 17, 2003 confirming the sale of the property pursuant to the foreclosure judgment and ordering distribution of proceeds, but the trial court's judgment does not address defendant's pending Civ.R. 60(B) motion for relief from judgment. Defendant filed her notice of appeal on January 16, 2004, purporting to appeal both from the July 11, 2003 judgment of foreclosure and the December 17, 2003 confirmation of sale order.
 {¶ 5} As a preliminary matter, we note that the notice of appeal is brought both in the name of Lisa Barclay and Ajamu M. Kafele. Kafele was not a party to the proceedings in the trial court, never moved to intervene, and has not moved to intervene in this appeal beyond placing his name on the notice of appeal. We conclude, as we have in prior appeals to this court in companion cases, that Kafele lacks standing to prosecute this appeal and is sua sponte dismissed from the appeal. Bank of NewYork v. Barclay, Franklin App. No. 03AP-844, 2004-Ohio-1217.
 {¶ 6} Defendant appeals, assigning the following errors:
1. The Trial Court erred to the prejudice of Defendants-Appellants when it entered judgment for foreclosure, and confirmation of sale of the property, effectively denying the motion to vacate, for benefit of Plaintiff where there is a Lis Pendens in place by the Defendants requiring that the status quo of the property be maintained and not sold.
2. The Trial Court erred to the prejudice of Defendants-Appellants when it entered judgment for foreclosure, and confirmation of sale, effectively denying the motion to vacate, for Plaintiff and the Plaintiff is not holder in due course of a claim against Defendants or the subject property, and one entitled to enforce an instrument.
3. The Trial Court erred to the prejudice of Defendants-Appellants when it entered judgment for foreclosure, and confirmation of sale, effectively denying the motion to vacate, for Plaintiff without allegation and evidence of an economic injury, by way of an evidentiary hearing, from the supposed breach of contract.
4. The Trial Court erred to the prejudice of Defendants-Appellants when it entered judgment for foreclosure, and confirmation of sale, effectively denying the motion to vacate, for Plaintiff while the Defendants were not subject to debt collection action by the Attorney-Debt Collector(s) on behalf of the Plaintiff pursuant to the rights, privileges, and immunities enumerated in the Fair Debt Collection Practices Act-15 U.S.C. § 1692 et seq.
5. The Trial Court erred to the prejudice of Defendants-Appellants when it entered judgment for foreclosure, and confirmation of sale, effectively denying the motion to vacate, to deprive Defendants of their property interest without affording them due process and equal protection of law and denied Defendants their rights, privileges, immunities under, not limited to, the U.S. Constitution.
6. The Trial Court erred to the prejudice of Defendants-Appellants when it failed to vacate the foreclosure judgment and sale, and subsequently entered confirmation of the sale?
 {¶ 7} Defendant's notice of appeal is timely only as to the trial court's entry of its order confirming sale of the property. While defendant attempts to appeal from the trial court's earlier entry of default judgment of foreclosure, the notice of appeal is not timely with respect to that judgment. Moreover, the issues raised in this case were not decided in the confirmation of sale order of the trial court; rather, the foreclosure judgment is the appealable order in a case of this type. Third National Bank ofCircleville v. Speakman (1985), 18 Ohio St.3d 119; RCRServices, Inc. v. Ceranowski (Jan. 16, 1992), Franklin App. No. 91AP-450.
 {¶ 8} The only manner in which this court may reach the trial court's decision on the foreclosure action, at least on the issues defendant raises in this appeal, would be on an appeal from a trial court's judgment denying defendant's motion for relief from judgment under Civ.R. 60(B). The record in this case reveals that the trial court never explicitly ruled on this motion. Ordinarily, any pending motions the trial court does not expressly rule on when it renders a final judgment in a case will be deemed to have been implicitly overruled. Maust v. Palmer
(1994), 94 Ohio App.3d 764. If the trial court's subsequent order confirming sale be deemed to have implicitly overruled defendant's Civ.R. 60(B) motion, we would posture this appeal as one brought from the trial court's denial of that motion.
 {¶ 9} The question before us, therefore, is whether underMaust a trial court is deemed to have impliedly ruled on a pending Civ.R. 60(B) motion for relief from a trial court's judgment granting foreclosure when the trial court subsequently enters an order confirming the sale.
 {¶ 10} While the rule set forth in Maust is widely applied with respect to a trial court's interlocutory orders that are impliedly overruled by a subsequent final judgment, in the present case the order of judgments is reversed. The judgment of foreclosure was a final appealable order in the case, and subsequent rulings, pursuant to Speakman, are basically ancillary rulings comparable to proceedings in aid of execution. By contrast, the motion for relief from judgment in the present case essentially attacks the trial court's final ruling.
 {¶ 11} In some instances trial courts have considered a motion for relief from a final judgment to be impliedly overruled by a subsequent ruling on subsidiary issues. See, e.g., Nwabarav. Willacy (Apr. 17, 1997), Cuyahoga App. No. 71122; Dooley v.Dooley (Aug. 7, 1998), Hamilton App. No. C-970616; Pavlik v.Casalicchio (Dec. 6, 2001), Cuyahoga App. No. 77851. This court, however, has specifically held otherwise in Tinnes v.Immobilaire IV, Ltd. (Feb. 13, 2001), Franklin App. No. 00AP-87. Accordingly, in the present case we conclude defendant's motion for Civ.R. 60(B) relief from the trial court's judgment of foreclosure, never having been explicitly ruled on by the trial court, is not impliedly overruled by the trial court's subsequent entry confirming sale of the property.
 {¶ 12} We therefore have before us (1) an untimely attempt to appeal from the trial court's July 11, 2003 judgment granting foreclosure, (2) a timely appeal from the trial court's December 17, 2003 order of confirmation, which, unfortunately is not the appealable order with respect to the issues defendant raises, and (3) a premature appeal relating to defendant's motion for Civ.R. 60(B) relief which the trial court has yet to adjudicate. Under these circumstances, we affirm the trial court's order confirming the sale, but dismiss defendant's untimely appeal of the order of foreclosure, as well as her premature appeal of the Civ.R. 60(B) motion for which we lack a final appealable order to review.Tinnes, supra.
Appeal affirmed in part and dismissed in part.
Petree and Klatt, JJ., concur.