DECISION
{¶ 1} This is an appeal from a judgment of the Franklin County Court of Common Pleas that denied appellant's motions to vacate judgment. The motions were filed on October 21, 2003 and December 21, 2004.
 {¶ 2} Appellee, American Business Mortgage Services, Inc. ("ABMS"), holds a promissory note, executed by appellant, Lisa Barclay ("Barclay"), in the amount of $57,000, plus interest at 11.1 percent per annum. Barclay defaulted on the note. Pursuant to the terms of the note, ABMS declared the entire sum due. The note was secured by a mortgage executed by Barclay. Barclay is in default of the terms of the mortgage as well.
 {¶ 3} On October 10, 2002, ABMS filed a complaint on the note, seeking foreclosure of the mortgage. Service of process and a copy of the complaint was made upon Barclay on December 13, 2002. Barclay was required to move or otherwise plead on or before the 28th day following service. Barclay filed her response to the complaint on January 14, 2003, more than 28 days after service. On June 20, 2003, ABMS filed a motion for default judgment. Default judgment against Barclay was granted on July 11, 2003. Barclay filed a motion to vacate judgment on October 21, 2003. The trial court did not rule upon this motion.
 {¶ 4} A sheriff's sale was held on October 24, 2003, and the property was purchased by a third party for $40,000. On December 17, 2003, the trial court issued an order confirming sale of the property and ordering distribution. Barclay filed a notice of appeal on January 16, 2004, in which she sought to appeal both the July 11, 2003 default judgment and the December 17, 2003 confirmation of sale.
 {¶ 5} In a decision rendered on December 14, 2004, we held that Barclay's notice of appeal, filed on January 16, 2004, was timely only as to the December 17, 2003 order confirming sale and ordering distribution. We concluded that the appeal was premature as to Barclay's motion to vacate the default judgment under Civ.R. 60(B) because the trial court had yet to rule on that motion. We affirmed the trial court order confirming sale, but dismissed Barclay's untimely appeal of the default judgment of foreclosure. American Business Mortgage Services, Inc. v.Barclay, Franklin App. No. 04AP-68, 2004-Ohio-6725.
 {¶ 6} Although Barclay's October 21, 2003 motion to vacate judgment remained pending before the trial court, Barclay chose to file a second motion to vacate judgment on December 21, 2004.
 {¶ 7} On March 31, 2005, the trial court rejected both the original motion to vacate and the second motion to vacate. That decision was journalized April 1, 2005. Barclay filed notice of appeal on April 29, 2005.
 {¶ 8} Barclay raises a single assignment of error as follows.
The Trial Court erred to the prejudice of Defendant-Appellant when it refused to vacate its improperly entered default judgment. (Denial of Motion To Vacate).
For the following reasons, we deny appellant's single assignment of error and affirm the judgment of the trial court.
 {¶ 9} In American Business Mortgage Services, supra, we noted that Barclay failed to file a timely appeal from the judgment of foreclosure entered by default on July 11, 2003, and her appeal from that judgment was dismissed. Moreover, the same appellate decision affirmed the trial court's order confirming sale. Therefore, only the rulings on Barclay's two motions for relief from judgment are before this court for review.
 {¶ 10} As pertinent to this appeal, relief from a judgment or order is controlled by Civ.R. 60(B). The rule provides five potential grounds for relief which may be paraphrased as follows: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) that the judgment has been satisfied, released or discharged; or (5) any other reason justifying relief. The fifth ground applies only where a more specific provision does not apply. Caruso-Ciresi, Inc. v.Lohman (1983), 5 Ohio St.3d 64, 66. The fifth or "catch-all" ground is given very sparing application by the courts.
 {¶ 11} The Supreme Court of Ohio has set the test for a motion for relief from judgment under Civ.R. 60(B). "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE Automatic Elec., Inc. v. ARCIndustries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. All three of the elements must be established, and the test is not met if any one of the requirements is not met.Strack v. Pelton (1994), 70 Ohio St.3d 172, 174. Neither of Barclay's motions for relief from judgment set out any of the five enumerated grounds for relief. Neither of Barclay's motions for relief from judgment set forth any meritorious defense to the complaint. Barclay failed to comply with the requirements of GTEAutomatic, supra. Therefore, Barclay's Civ.R. 60(B) motions fail. Barclay's single assignment of error is overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Klatt, P.J., and McGrath, J., concur.