OPINION
{¶ 1} Appellant, Darryl Riser, appeals from an order of the Franklin County Court of Common Pleas that granted judgment on the pleadings and denied appellant's motion for relief from judgment under Civ.R. 60(B) and denied appellant's motion to amend his complaint. For the following reasons, we affirm.
 {¶ 2} On October 22, 2001, acting on his own behalf, appellant filed a complaint against Theodore Wade, Paul Whisman, Johnny Jackson, William Zeallear, Collette Wheeless, Matthew Colomon, and Carrington Melton alleging interference with his employment contract, conspiracy to defame and destroy, breach of individual employment contracts, libel, slander, grand larceny, induced panic, intentional infliction of emotional distress, and personal injury. Appellee, the Professionals Guild of Ohio, moved to intervene on behalf of appellees in this case. On January 28, 2002, Grady Pettigrew, Jr., entered his appearance as counsel for appellant.
 {¶ 3} On February 10, 2003, the defense filed a motion for judgment on the pleadings and/or summary judgment. Appellant failed to respond to the motion. Pursuant to Civ.R. 12(C), the trial court considered only the allegations in the pleadings and found the motion well-taken. Judgment was entered for appellees herein on March 31, 2003.
 {¶ 4} On April 10, 2003, appellant filed a motion seeking relief from judgment under Civ.R. 60(B) and seeking leave to amend the pleadings. Appellant's Civ.R. 60(B) motion failed to allege that appellant had a meritorious claim other than to state in his supporting memorandum that he was injured by appellees' acts and had incurred damages. Additionally, the motion alleged generally that relief was warranted "under one of the grounds listed in Civ. R. 60(B)(1) through (5)," then alleged that relief was warranted under Civ.R. 60(B)(5) for "any other reason justifying relief from the judgment." (Memorandum in support of motion to vacate judgment.)
 {¶ 5} After noting the requirements of GTE AutomaticElectric, Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, paragraph two of the syllabus, the trial court observed that appellant had failed to set forth any basis why he was entitled to relief from judgment and failed to present any operative facts to demonstrate that he had a meritorious claim to present. As a result, the trial court denied the Civ.R. 60(B) motion.
 {¶ 6} Appellant raises a single assignment of error:
FRANKLIN COUNTY COURT OF COMMON PLEAS ERRED AND ABUSED ITS DISCRETION BY DENYING THE MOTION OF PLAINTIFF DARRYL RISER TO VACATE DECISION AND ENTRY GRANTING DEFENDANT PROFESSIONALS GUILD OF OHIO'S MOTION FOR JUDGMENT ON THE PLEADINGS, FILED FEBRUARY 10, 2003 AND REQUEST [FOR] LEAVE TO AMEND PLAINTIFF'S COMPLAINT, FILED APRIL 10, 2003 BY DENYING PLAINTIFF LEAVE TO AMEND HIS COMPLAINT.
 {¶ 7} Relying upon Peterson v. Teodosio (1973),34 Ohio St.2d 161, appellant states that the trial court abused its discretion when it denied his combined motion to vacate judgment and for leave to amend his complaint. For the following reasons, we affirm the judgment of the trial court.
 {¶ 8} A motion to vacate judgment must meet the test of GTEAutomatic. All three of the elements of GTE Automatic must be established before relief from judgment may be granted. The GTEAutomatic test is not met if any one of the requirements is lacking. American Business Mortgage Services v. Barclay,
Franklin App. No. 05AP-422, 2006-Ohio-2532, at ¶ 11, citingStrack v. Pelton (1994), 70 Ohio St.3d 172, 174. See, also,GTE Automatic, at 151: "The court agrees * * * that these requirements are independent and in the conjunctive, not the disjunctive."
 {¶ 9} Appellant's Civ.R. 60(B) motion did not set forth any meritorious claim.[1] Nor, for that matter, did appellant set forth any basis to find that one of the five enumerated reasons set out in Civ.R. 60(B) would support relief from judgment. Appellant's motion for relief from judgment failed the test of GTE Automatic. Accordingly, the trial court properly denied the motion for relief from judgment.
 {¶ 10} A motion to amend pleadings presupposes that there is an active, pending case in which there are pleadings to amend. Here, at the time appellant filed his combined Civ.R. 60(B) and 15 motions, judgment had been granted. Therefore, it was necessary for appellant to prevail on his motion for relief from judgment before his motion to amend the pleadings was ripe for decision. Having failed to meet the test of GTE Automatic, and, thus, having failed to prevail on his motion for relief from judgment, appellant's motion to amend the pleadings was moot.
 {¶ 11} For the foregoing reasons, we overrule appellant's single assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
Klatt, P.J., and McGrath, J., concur.
[1] To this day, other than to simply assert that he has a meritorious claim, appellant has not set forth any basis to support that assertion.