{¶ 18} I concur with the result of this decision, but would suggest that it was unnecessary to reach the question of whether the court abused its discretion.
 {¶ 19} Appellants moved to vacate the court's judgment pursuant to Civ. R. 60(B). The rule provides that a judgment may be vacated for "* * * (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other *Page 7 
misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. * * *" If the proponent of the motion fails to establish a ground for relief as stated in the rule, the motion must fail. Riser v. Wade, 10th Dist. No. 03AP-563,2006 Ohio 3552, ¶ 9; GTE Automatic Electric, Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, paragraph two of the syllabus.
 {¶ 20} In my view, appellants failed to articulate any ground for relief which would arguably fit within the Civ. R. 60(B)(1)-(5) factors. Having failed to meet that threshold requirement, no further analysis was necessary. Appellants were not entitled to relief from judgment. *Page 1