JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Plaintiff-appellant, Teneric LLC, appeals the trial court's judgment granting the motion to vacate judgment of defendant-appellee, James J. Zilko, Jr., and thereby vacating its previous judgment granting summary judgment in favor of Teneric. We reverse and remand.
 {¶ 2} The record before us demonstrates that on December 5, 2005, Zilko signed a promissory note to pay Teneric the sum of $25,000. On December 6, 2006, Teneric sued Zilko to recover monies allegedly due and owing under the note. Judge John J. Russo was assigned to the case.
 {¶ 3} On June 26, 2007, Zilko filed a motion to consolidate this case with two related cases: Cleveland v. Riverstone Properties, LLC, Case No. CV-614796, filed in February 2007, and assigned to Judge Daniel Gaul; and Teneric LLC v. Karen L. Zilko, Case No. CV-618593, filed in March 2007, and assigned to Judge Michael J. Russo. No ruling on the motion was made in this case by Judge John J. Russo and thus it is deemed denied. Maust v. Palmer (1994), 94 Ohio App.3d 764, 769,641 N.E.2d 818.
 {¶ 4} The docket for Case No. CV-618593 indicates that Judge Michael Russo transferred that case (CV-618593) for consolidation with Case No. CV-614796 (Judge Gaul's case).[1] Judge John Russo, as just stated, however, never *Page 4 
ruled on the motion to consolidate in this case, and this case was never consolidated with any other case(s) or transferred from his docket.
 {¶ 5} Pursuant to a March 2007 case management conference, June 29, 2007, was set as the final date for dispositive motions. Teneric filed a motion for summary judgment on June 29. In support of its motion, Teneric's president submitted an affidavit in which he averred that Zilko made one payment on the promissory note and then defaulted. Zilko did not file a brief in opposition to the summary judgment motion. The motion was granted on July 31, 2007, and a judgment amount was entered in favor of Teneric and against Zilko on October 2, 2007. Zilko did not appeal either the July 31 or October 2 judgments.
 {¶ 6} On December 21, 2007, Zilko filed a motion to vacate the judgment under Civ. R. 60(B)(3), (4), and (5). In his motion, Zilko claimed "that the entire transaction [resulting in the execution of the promissory note] was fraudulent." Zilko also argued that, "[b]ased upon Judge Gaul's ruling, [the trial court] no longer had jurisdiction over the matter and thus, the judgment granting Summary Judgment is void." Teneric filed a brief in opposition to Zilko's motion.
 {¶ 7} The court granted Zilko's motion, and Zilko filed an amended answer and counterclaim. In his counterclaim, Zilko alleged that Teneric made false representations to induce him to execute the underlying transaction, and that the agreement between the parties was that the debt was to be forgiven. *Page 5 
 {¶ 8} In its sole assignment of error, Teneric contends that the trial court abused its discretion in granting Zilko's motion to vacate.
 {¶ 9} Civ. R. 60(B) governs motions for relief from judgment and provides in relevant part:
 {¶ 10} "On motion and upon such terms as are just, the court may relieve a party * * * from a final judgment, order or proceeding for the following reasons: *** (3) fraud ***, misrepresentation, or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated ***; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken."
 {¶ 11} The Ohio Supreme Court set forth the requirements for prevailing on a Civ. R. 60(B) motion in GTE Automatic Elec. v. ARCIndustries (1976), 47 Ohio St.2d 146, 351 N.E.2d 113, at paragraph two of the syllabus:
 {¶ 12} "To prevail on a motion brought under Civ. R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ. R. 60(B)(1), (2) or (3), *Page 6 
not more than one year after the judgment, order or proceeding was entered or taken."
 {¶ 13} The moving party's failure to satisfy any of the three requirements will result in the motion being overruled. Rose Chevrolet,Inc. v. Adams (1988), 36 Ohio St.3d 17, 20, 520 N.E.2d 564. The motion and supporting documents, if any, must contain operative facts which demonstrate the timeliness of the motion, the reasons for seeking relief, and the movant's defense. Adomeit v. Baltimore (1974),39 Ohio App.2d 97, 316 N.E.2d 469, paragraph two of the syllabus.
 {¶ 14} The determination of whether to grant a Civ. R. 60(B) motion is within the sound discretion of the trial court, and an appellate court will not reverse that determination absent an abuse of discretion.Moore v. Emmanuel Family Training Ctr. (1985), 18 Ohio St.3d 64, 66,479 N.E.2d 879. Abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 15} Upon review, Zilko's motion did not meet the GTE requirements. Specifically, Zilko's mere assertion that the underlying transaction was fraudulent was insufficient to establish his defense or ground for relief under subsections (3), (4), or (5) of Civ. R. 60(B). In regard to Civ. R. 60(B)(3), which provides for relief from a judgment based upon fraud, misrepresentation, or *Page 7 
misconduct, the fraud, misrepresentation, or misconduct contemplated by the rule is relative to a party's obtaining the judgment. See FirstMerit Bank v. Crouse, Lorain App. No. 06CA008946, 2007-Ohio-2440, ¶ 32. Zilko's contention is that there was fraud in the underlying transaction, not in the manner in which Teneric obtained judgment. Thus, Civ. R. 60(B)(3) in inapplicable to this case.
 {¶ 16} As to Civ. R. 60(B)(4), which provides for relief from judgment when the judgment has been "satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated," Zilko's allegation (by way of his answer and counterclaim) that he and Teneric never intended for the debt to be due and owing is insufficient to obtain relief under Civ. R. 60(B)(4). Zilko failed to provide any documentation to support his allegation, and Teneric maintains that the debt is due and owing.
 {¶ 17} Similarly, Zilko has not demonstrated that he was entitled to relief under the catch-all provision of Civ. R. 60(B)(5). Zilko argues that the trial court did not have jurisdiction to consider Teneric's summary judgment motion because the case had been transferred from Judge John Russo's docket. This case was never consolidated with another case, nor transferred from Judge John Russo's docket and, therefore, Judge John Russo retained jurisdiction to consider the summary judgment motion.
 {¶ 18} As to the timeliness of Zilko's motion, we are also not persuaded that the four-month delay was reasonable under the circumstances in this case. *Page 8 
According to Zilko, the delay was because he did not receive notice of the ruling on Teneric's summary judgment motion until four months after it had been made and Teneric had attached his bank accounts. We note that Zilko does not claim that he was unaware that Teneric had filed a motion for summary judgment, and as evidenced by the certificate of service, Zilko was served with same. It was Zilko's responsibility to keep himself informed of the progress of his case. See State Farm Mut.Auto. Ins. Co. v. Peller (1989), 63 Ohio App.3d 357, 360-361,578 N.E.2d 874.
 {¶ 19} Because Zilko failed to satisfy the three requirements set forth in GTE, the trial court abused its discretion in granting his Civ. R. 60(B) motion to vacate. Teneric's sole assignment of error has merit and is sustained. The trial court's judgment is reversed, and the case is remanded for further proceedings consistent with this opinion.
It is ordered that appellant recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MELODY J. STEWART, J., and FRANK D. CELEBREZZE, JR., J., CONCUR
[1] The court later "vacated" the consolidation because "it was entered in error." *Page 1