McDORMAN *v*. BALLARD ET AL., TRUSTEES, ET AL.

*Constitutional law — Maintenance of fences around enclosed lands — Section 5908 et seq., General Code, constitutional.*

(No. 14962 — Decided April 25, 1916.)

ERROR to the Court of Appeals of Greene county.

*Mr. Harry T. McDorman* and *Mr. Charles E. Ballard,* for plaintiff in error.

*Messrs. Smith & Smith* and *Mr. F. L. Johnson,* for defendants in error.

BY THE COURT.    Plaintiff in error, Harry T. McDorman, brought an action in the court of common pleas of Greene county to enjoin William Ballard, S. K. Turnbull and James Gorman, trustees of Ross township in that county, from interfering in any way with his rights in his portion of a certain partition fence by reason of the trustees' purported view, award and assignment under the provisions of Section 5908 *et seq.,* General Code.    Defendant in error, John Diffendall, upon whose complaint the proceedings were had before the trustees of the township, was made a party defendant and the court was asked to enjoin him from interfering with, molesting or controlling any part or portion of plaintiff's fence, and further, from recording or causing to be recorded the purported award and assignment made by the trustees.    A demurrer to the petition was sustained and plaintiff not desiring to plead further a temporary restraining order which had theretofore been granted was dissolved

and the action was dismissed at the costs of plaintiff.

An appeal was taken to the court of appeals and a demurrer to the petition consisting of two alleged causes of action was sustained. Upon leave, the petition was amended by adding a third cause of action in which it was alleged that Sections 5908 and 5910, General Code, under and by virtue of whose provisions the defendants committed the purported grievances complained of in the petition, were repugnant to the constitution of the state of Ohio, in that they violated the provisions of Section 19 of Article I thereof. A demurrer to this cause of action was also sustained and plaintiff not desiring to amend his petition the same was dismissed at his costs. Plaintiff in error is here asking a reversal of the judgment of the court of appeals upon the ground that Sections 5908 *et seq.,* General Code, are unconstitutional.

In the case of *The Alma Coal Co.* v. *Cozad, Treas.,* 79 Ohio St., 348, the constitutionality of the act of April 18, 1904 (97 O. L., 138), which act is carried into the General Code as Section 5908 *et seq.,* was considered by this court. It was held that the act could not be so construed and administered as to charge an owner of lands which are, and are to remain, unenclosed, with any part of the expense of constructing and maintaining a line fence for the sole benefit of the adjoining proprietor. It does not appear in the present case that the lands of plaintiff in error are unenclosed, and therefore they do not come within the exceptions of the provisions of the statute mentioned in the case to which we

have referred, and upon the authority and the holding in that case the judgment of the court of appeals is therefore affirmed.

*Judgment affirmed.*

NICHOLS, C. J., DONAHUE, WANAMAKER, NEW-MAN, JONES and MATTHIAS, JJ., concur.