GLASS, APPELLEE, *v.* DRYDEN ET AL., BOARD OF TRUSTEES OF HUNTINGTON TOWNSHIP, APPELLANTS.

(No. 68-246—Decided May 28, 1969.)

150

*Messrs. Wilson, Wilson & Wilson,* for appellee.

*Mr. Angus B. Wilson,* prosecuting attorney, for appellants.

SCHNEIDER, J. The principal issue in this case is confined to a narrow corridor. Appellee has never urged, nor did the Court of Appeals hold, that Section 971.01 *et seq.,* Revised Code, is invalid *per se,* despite the currency given to the view that antecedent statutes were declared to be unconstitutional in *Alma Coal Co. v. Cozad,* 79 Ohio St. 348, at least as to unenclosed lands. (See the opinion in *McDorman v. Ballard,* 94 Ohio St. 183, 184; the affirmance without opinion, but on the authority of *Alma Coal,* of the case of *Beach v. Roth,* 18 C. C. [N. S.] 579, in 80 Ohio St. 746; and Title 9, Page's Ohio Revised Code, pp. 180

and 181, comments appearing under Sections 971.07, 971.08 and 971.09, Revised Code.)

Nor has appellee claimed economic hardship (cf. *Gates Co.* v. *Housing Appeals Board*, 10 Ohio St. 2d 48) or that incidental public benefits would not ensue from the construction of the fence.

Her claim for relief is founded in part upon the assertion that her land would not be benefited by the addition of the fence, in support of which she relied, and the Court of Appeals based its decision, upon *Alma Coal, supra* (79 Ohio St. 348). But that case was decided on demurrer, which admitted the allegation of absence of benefit to the land sought to be imposed with one-half the cost of the fence. Nothing more was decided than that the statute could not be enforced on the unchallenged allegation of no benefit.

Here, the allegation of no benefit was controverted by answer and the trial closed without appellee having adduced proof that the cost of compliance with the order of the Board of Township Trustees would exceed the difference between the value of her land before and after the installation of the improvement, or, paraphrasing *Schiff* v. *Columbus*, 9 Ohio St. 2d 31 (paragraph five of the syllabus), that the land "was not enhanced in value as a result of the improvement in an amount equal to" the cost of compliance. Far from forcing a plaintiff to prove a negative, that standard may be met by evidence as to the value of the land before and after the improvement. (9 Ohio St. 2d 31, 39.)

The trial court, therefore, was correct in denying the injunction, at least as to this branch of the case, and the Court of Appeals erred in reversing it. Cf. *Lincoln Properties, Inc.*, v. *Goldslager*, 18 Ohio St. 2d 154, decided *simul et semel*, wherein proof of the kind referred to was presented to the trial court which denied the injunction and which was reversed by the Court of Appeals on an appeal on questions of law and fact.

It has been said, in at least one case, that an order to build a partition fence is "different" from a special assess-

152

ment to pay for a public improvement made by a governmental body. *Zarbaugh* v. *Ellinger*, 99 Ohio St. 133, 139. Yet, for the purpose of this inquiry, we think it is analogous and that the differences are insubstantial. A special assessment against real property is "based on the proposition that, due to a public improvement *of some nature*, such real property has received a benefit." (Emphasis supplied.) *State* v. *Carney*, 166 Ohio St. 81, 83. True, a partition fence is not a public improvement in the sense that the public *uses* it directly. Yet, as Judge Johnson conceded in *Zarbaugh*, to the extent that "the annoyance and inevitable trespassing upon adjoining fields and crops which would result from the absence of a fence" is prevented, the fence inures to "the ulterior public advantage." And, to the extent that the advantage inures to private property immediately adjacent to the fence, some benefit thereto may be presumed until the contrary is shown. Even in this case, it appears that appellee has been vexed by damage from her adjoining owner's cattle straying onto her premises.

There is no less reason for courts to indulge in the fiction that actual benefits are determined in the first instance by the administrative assessors in partition fence matters than in orthodox assessment cases, and to require him against whom a part of the cost is to be imposed for special benefits to come forward with evidence to show, if such be the case, that the sum attempted to be exacted is in excess of the value of the special benefits conferred. *Chamberlain* v. *Cleveland*, 34 Ohio St. 551. See, also, other cases cited in *Schiff* v. *Columbus, supra* (9 Ohio St. 2d 31); *Domito* v. *Maumee*, 140 Ohio St. 229; *Baxter* v. *Van Houter*, 115 Ohio St. 288; *State, ex rel. Shafer,* v. *Otter*, 106 Ohio St. 415. In view of the foregoing, we disapprove of the holding in *Roth* v. *Beach*, 80 Ohio St. 746, affirming *Beach* v. *Roth*, 18 C. C. (N. S.) 579.

Nor did appellee's evidence bring her within the statutory exemption for "lands laid out into lots." Section 971.02, Revised Code. That she proposes to develop a housing project on her land and that she has accomplished

some activity in the form of grading the land is not disputed. However, neither she nor her successors in interest are committed to this project. From the record, it is evident that appellee's land was neither surveyed nor in fact subdivided into lots as required by Section 711.001 *et seq.*, Revised Code. Land cannot be "laid out into lots" unless and until it has been surveyed, platted, and approved by the board of county commissioners or a planning commission in conformity with those statutes. There are exceptions contained in Sections 711.001 (for divisions of five acres or more each), 711.131 (where the entire parcel is divided into no more than five lots), and 711.151, Revised Code (applicable to pre-1953 conveyances), but appellee satisfies none of them.

In holding as we do, that appellee failed to satisfy the statutory exemption for "lands laid out into lots," we do not reach the question of whether this exemption is to be construed as existing only where the lands of both adjoining owners have been "laid out into lots." Moreover, by our reversal on the ground that appellee failed to adduce *sufficient* evidence in the trial court to support a finding of absence of benefits or of cost in excess of benefit, we do not reach the question of the jurisdiction of the Court of Appeals to substitute its judgment in an appeal on questions of law for that of the lower tribunal and to render the judgment which it finds that the lower tribunal ought to have rendered, where the record before the Court of Appeals is such as to permit it to *weigh* the evidence contained therein. Again, compare *Lincoln Properties, Inc.*, v. *Goldslager*, 18 Ohio St. 2d 154.

Appellee further claimed in the Court of Appeals that Virgil Cooper destroyed the original line fence and should bear the entire expense of the new. The Court of Appeals did not consider this contention. The trial court held that the appellee failed to establish a case for injunctive relief by clear and convincing proof. We have been directed to nothing in the record which would indicate that the Court of Appeals was asked by assignment of error or brief to review and weigh the evidence upon this question. Nor

have we been directed to any such evidence as would actu-ate us to remand the cause to the Court of Appeals to consider whether the trial court was in error on this branch of the case.

Appellee also claimed that the trial court erred in receiving into evidence a survey which was not ordered by the court and not made according to Section 315.20, Revised Code. *Zipf* v. *Dalgarn*, 114 Ohio St. 291, held that expert testimony of civil engineers to assist the court in deciding a controversy over a disputed lot line is not rendered incompetent by Section 315.20, Revised Code, which provides that no resurvey by any person except the county engineer or his deputy shall be considered as legal testimony. Here, the trial court was entitled to consider the testimony of any expert upon a question involving technical skill and experience. The judgment of the Court of Appeals is reversed and that of the Court of Common Pleas is affirmed.

*Judgment reversed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT and DUNCAN, JJ., concur.