MOTZ et al., Appellants,

v.

COUNCIL OF THE VILLAGE OF RICHFIELD et al., Appellees.

[Cite as *Motz v. Richfield Council* (1992), 80 Ohio App.3d 483.]

Court of Appeals of Ohio,
Summit County.

No. 15495.

Decided Aug. 26, 1992.

*Alfred Schrader* and *Robert Heydorn,* for appellants.

*Charles Riehl,* for appellees.

CACIOPPO, Judge.

Plaintiffs-appellants, Nellie Motz and other owners of land located in the village of Richfield, appeal the trial court's decision granting the motion to dismiss of defendants-appellees, village of Richfield and village officials. Appellants assert one assignment of error. We affirm.

## Assignment of Error

"The final order assessing the final cost to be levied on each property is a final appealable order as defined under Ohio Revised Code Section [*sic*] 2506 for a plaintiff who challenges the special assessments on the grounds they are less than the benefits conferred on the property."

■ Appellants assert that the village's adoption of an ordinance levying special assessments for sewer improvements is a final appealable order pursuant to R.C. Chapter 2506. We do not agree. R.C. 2506.01 states:

"Every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department, or other division of any political subdivision of the state may be reviewed by the court of common pleas of the county in which the principal office of the political subdivision is located as provided in Chapter 2505. of the Revised Code, except as modified by this chapter.

"The appeal provided in this chapter is in addition to any other remedy of appeal provided by law.

"A 'final order, adjudication, or decision' means an order, adjudication or decision that determines rights, duties, privileges, benefits, or legal relationships of a person, but does not include any order, adjudication, or decision from which an appeal is granted by rule, ordinance, or statute to a higher administrative authority if a right to a hearing on such appeal is provided, or any order, adjudication, or decision that is issued preliminary to or as a result of a criminal proceeding."

R.C. 2506.01 provides for appeals from orders, adjudications, or decisions of various boards, commissions, and departments of any political subdivision. Absent from this list is any right of appeal from a village council's passing of an ordinance. We have been unable to find any support for appellants' argument that an R.C. Chapter 2506 appeal lies from the village council's action.

 On the other hand, the Supreme Court of Ohio has addressed the claim which appellants attempt to raise in the case at bar, that the assessment levied against the property, which is equal to or greater than the value of the property after the improvement is made, constitutes a taking of property without compensation in violation of Section 19, Article I of the Ohio Constitution. In *Wolfe v. Avon* (1984), 11 Ohio St.3d 81, 83, 11 OBR 324, 326, 463 N.E.2d 1251, 1254, the court stated that in a case such as this, the landowner could seek to enjoin the collection of the assessment. See, also, *Domito v. Maumee* (1942), 140 Ohio St. 229, 23 O.O. 434, 42 N.E.2d 984, paragraph one of the syllabus. The court has recognized that injunction is the proper avenue for relief in this type of case on other occasions as well. See, *e.g., Gates Co. v. Columbus Hous. Appeals Bd.* (1967), 10 Ohio St.2d 48, 39 O.O.2d 42, 225 N.E.2d 222; *Glass v. Dryden* (1969), 18 Ohio St.2d 149, 47 O.O.2d 313, 248 N.E.2d 54.

Given the language of R.C. 2506.01, and the Ohio Supreme Court's recognition that an aggrieved landowner may obtain an injunction in this type of case, we find that the trial court did not err in granting appellees' motion to dismiss.

The assignment of error is not well taken. The judgment of the trial court is affirmed.

*Judgment affirmed.*

REECE and COOK, JJ., concur.