OPINION
This matter presents a timely appeal from a judgment rendered by the Harrison County Common Pleas Court, affirming the decision reached by the Rumley Township Trustees (Trustees), requiring appellant, James Leas, to construct one-half of a line partition fence between his property and that of appellee, Donald Howell, pursuant to R.C. 971.02.
Appellant and appellee own adjoining land. Appellee, who maintained cattle and horses, desired to have a new partition fence constructed. He requested that appellant construct one-half of the fence. Appellant did not comply with appellee's request. At appellee's urging, the Trustees viewed the property and pursuant to R.C. 971.04, ordered appellant and appellee to each construct one-half of the fence. Appellee complied. Appellant, however, requested a hearing on the matter.
On October 19, 1996, the Trustees viewed the property for a second time and a hearing was held. On January 29, 1997, the Trustees announced their decision to require appellant to construct one-half of the partition fence. Appellant then petitioned the trial court to vacate the ruling of the Trustees. The trial court ultimately affirmed the Trustees' judgment and ordered appellant to construct one-half of the fence. This appeal followed.
Appellant's sole assignment of error on appeal alleges:
 "The trial court committed error prejudicial to James Leas when it failed to vacate the decision of the Rumley Township trustees and to enter a verdict in favor of James Leas."
R.C. 971.02 states that "the owners of adjoining lands shall build, keep up, and maintain in good repair, in equal shares, all partition fences between them, unless otherwise agreed upon by them in writing and witnessed by two persons." Under R.C. 971.04:
 "When a person neglects to build or repair a partition fence, or the portion thereof which he is required to build or maintain, the aggrieved person may complain to the board of township trustees of the township in which such land or fence is located. Such board, after not less than ten days' written notice to all adjoining land owners of the time and place of meeting, shall view the fence or premises where such fence is to be built, and assign, in writing, to each person his equal share thereof, to be constructed or kept in repair by him."
The Trustees exercised their power to investigate and make evidentiary findings. Upon hearing testimony, the Trustees found that appellant was obligated to bear one-half the cost of the partition fence. If the trial court's judgment is supported by some competent, credible evidence going to all the essential elements of the case, the judgment must be affirmed. Gerijo, Inc.v. City of Fairfield (1994), 70 Ohio St.3d 223.
Appellee argues that the Trustees had the right to consider the credibility of the witnesses presented at the hearing and to weigh the evidence. Therefore, appellee concludes that both the Trustees' and the trial court's determination that appellant was responsible for one-half the cost of the partition fence should not be disturbed. We find that appellee's arguments are not well taken.
The trial court affirmed the Trustees' order concluding that, "While the fence will have marginal utility for [appellant], it will keep out [appellee's] animals. There is an affirmative duty of all landowners to fence in as well as fence out." (Judgment Entry filed February 22, 1999, 1). Clearly, the trial court erred in finding that appellant had to pay for the construction of the partition fence in question, as the construction of same would not increase the value of his land.
In Glass v. Dryden (1969), 18 Ohio St.2d 149, the Ohio Supreme Court stated in its syllabus that a landowner can only avoid his obligation under R.C. 971.04 to construct a partition fence by proving that the fence will not benefit his land. Uncontroverted testimony at the hearing before the Trustees in the case at bar established that appellant's land would not benefit from the construction of a partition fence. Because appellant's land will not increase in value upon the construction of the fence, it will not benefit from such a fence. As such, appellant is not required to pay for one-half of the construction of a partition fence.Glass, supra.
This same issue was considered in Brand v. Marion TownshipTrustees (Aug. 8, 1991), Hocking App. No. 90-CA-12, unreported. In that case, the Brands and Kesslers owned adjoining property. The Kessler's constructed a partition fence along half of the boundary line and requested that the Brands construct a fence along the remaining portion of such line. The Brands did not comply. After viewing the fence line, the Marion Township Trustees ordered the Brands to construct half of the fence.
The Brands appealed to the common pleas court which affirmed the trustees' order. The court found that the fence would have marginal utility for the Brands but would keep stray cattle from their premises. The court concluded therefore, that the partition fence would provide a benefit to the Brands' land.
The appellate court reversed noting, "The Ohio Supreme Court has repeatedly held that in order to compel adjoining landowners to comply with the partition fence law, R.C. Chapter 971, landowners must receive benefits exceeding their expenses from the construction and maintenance of partition fences." Brand,supra at 4. The court explained that a landowner is not obligated to construct a partition fence pursuant to R.C. 971.02 if the cost of construction exceeds the difference between the value of his land before and after the installation of the fence. The Brands produced uncontroverted testimony that the cost of the fence would be greater than the increase in the value of their land. Therefore, the appellate court reversed the decision of the trial court holding that it was against the manifest weight of the evidence. We find the decision in Brand, supra to be persuasive.
In the case at bar, appellant called two witnesses to testify at the hearing. The first witness was Russell Kuntz, a licensed realtor and appraiser. He testified that the construction of the type of partition fence appellant was requested to build would not increase the value of appellant's land. (Tr. 6). The second witness was Steve Sentich, a construction worker familiar with partition fences. He testified that the construction of such a fence would cost approximately $2,200.00. (Tr. 8). Appellee was the only other witness to testify at the hearing. He offered no evidence to indicate that the proposed fence would benefit appellant's land. Nonetheless, the Trustees ordered appellant to construct one-half of the fence. Given the foregoing, the trial court's decision to affirm the Trustees' order was against the manifest weight of the evidence.
Appellant's sole assignment of error is found to be with merit.
The judgment of the trial court is hereby reversed.
Donofrio, J., and Waite, J., concurs.
APPROVED:
 ________________________________ EDWARD A. COX, PRESIDING JUDGE