OPINION
{¶ 1} Plaintiff-appellant, Ronnie J. Reeves, appeals the decision by the Butler County Court of Common Pleas to overrule his appeal from a determination by defendant-appellee, the Wayne Township Board of Trustees ("Board"), that required appellant to share in the costs of constructing a partition fence between appellant's property and that of an adjoining landowner.
 {¶ 2} The Board sent a letter to appellant in October 2006, notifying him that an *Page 2 
adjoining landowner had complained that appellant failed to build a portion of a partition fence between their properties. The letter indicated that the Board would be viewing the partition fence line in dispute on a specific date and assigning responsibility for the fence. After viewing the fence line, the Board sent appellant a second letter on January 2, 2007, assigning appellant responsibility to construct 734.675 feet of the partition fence. Appellant requested a hearing before the Board, which was held on February 24, 2007. After taking testimony and evidence provided by appellant and testimony from the adjoining landowner, the Board voted to affirm their original partition fence assignment.
 {¶ 3} Appellant appealed the Board's determination to the common pleas court pursuant to R.C. 2506.01. The common pleas court affirmed the Board's decision. Appellant now appeals to this court, raising two assignments of error.
 {¶ 4} Assignment of Error No. 1:
 {¶ 5} "THE TRIAL COURT ERRED IN OVERRULING THE APPELLANT'S MOTION FOR A TRIAL DE NOVO OR TO PRESENT ADDITIONAL EVIDENCE."
 {¶ 6} Appellant argues that the common pleas court's decision to limit the evidence in the case to the transcript of proceedings before the Board was error because he was not fully afforded the right of presentation of evidence and the Board failed to provide conclusions of fact with the transcript in accordance with R.C. 2506.03.
 {¶ 7} R.C. 2506.03 states, as pertinent here:
 {¶ 8} "(A) The hearing of an appeal taken in relation to a final order, adjudication, or decision covered by division (A) of section 2506.01 of the Revised Code shall proceed as in the trial of a civil action, but the court shall be confined to the transcript filed under section 2506.02 of the Revised Code unless it appears, on the face of that transcript or by affidavit filed by the appellant, that one of the following applies:
 {¶ 9} "* * * *Page 3 
 {¶ 10} "(2) The appellant was not permitted to appear and be heard in person, or by the appellant's attorney, in opposition to the final order, adjudication, or decision, and to do any of the following:
 {¶ 11} "(a) Present the appellant's position, arguments, and contentions;
 {¶ 12} "(b) Offer and examine witnesses and present evidence in support;
 {¶ 13} "(c) Cross-examine witnesses purporting to refute the appellant's position, arguments, and contentions;
 {¶ 14} "(d) Offer evidence to refute evidence and testimony offered in opposition to the appellant's position, arguments, and contentions;
 {¶ 15} "(e) Proffer any such evidence into the record, if the admission of it is denied by the officer or body appealed from.
 {¶ 16} "* * *
 {¶ 17} "(5) The officer or body failed to file with the transcript conclusions of fact supporting the final order, adjudication, or decision.
 {¶ 18} "(B) If any circumstance described in divisions (A)(1) to (5) of this section applies, the court shall hear the appeal upon the transcript and additional evidence as may be introduced by any party. At the hearing, any party may call, as if on cross-examination, any witness who previously gave testimony in opposition to that party."
 {¶ 19} The common pleas court denied appellant's motion for a trial de novo or for the submission of additional evidence, noting that appellant did not meet the criteria of R.C. 2506.03(A)(2) because appellant was present at the hearing and gave sworn testimony. See McAlpin v.Shirey (1997), 121 Ohio App.3d 68, 76-78, (the two requirements set forth in subsection (A)(2) "were in the conjunctive" and when appellant was present and heard, the exception of (A)(2) did not apply). The record shows that appellant was present at the hearing and was afforded the right to and did present evidence. *Page 4 
 {¶ 20} We note that the Board did not file separate conclusions of fact with its transcript, but the transcript of the hearing indicates that a number of conclusions of fact were made by the Board, which provided the common pleas court with the basis for review of the Board's decision.
 {¶ 21} Accordingly, the common pleas court did not err when it decided appellant's appeal would be limited to the transcript from the Board filed under R.C. 2506.02. Appellant's first assignment of error is overruled.
 {¶ 22} Assignment of Error No. 2:
 {¶ 23} "THE TRIAL COURT ERRED IN OVERRULING THE APPELLANT'S APPEAL OF THE TOWNSHIP ORDER TO ERECT A LINE FENCE."
 {¶ 24} R.C. Chapter 2506 provides for the appeal of a final decision of an administrative body to the common pleas court. In reviewing the administrative decision, the common pleas court must determine whether the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable and probative evidence on the whole record. R.C. 2506.04; Kisil v. Sandusky (1984), 12 Ohio St.3d 30, 34 (common pleas court should not substitute its judgment for that of an administrative board, unless the board's decision is not supported by a preponderance of reliable, probative and substantial evidence);Community Concerned Citizens, Inc. v. Union Twp. Bd. of ZoningAppeals, 66 Ohio St.3d 452, 456, 1993-Ohio-115 (a court is bound by the nature of administrative proceedings to presume that the decision of the administrative agency is reasonable and valid).
 {¶ 25} A judgment of a common pleas court pursuant to R.C. Chapter 2506 may be appealed to the court of appeals on questions of law. R.C. 2506.04. An appeal to the court of appeals is more limited in scope and requires that the court affirm the common pleas court, unless the court of appeals finds, as a matter of law, that the decision of the common *Page 5 
pleas court is not supported by a preponderance of reliable, probative and substantial evidence. Kisil at 34, fn.4 (limited power of court of appeals to review the judgment of the common pleas court only on questions of law does not include the same extensive power to weigh the preponderance of substantial, reliable and probative evidence, as is granted to the common pleas court; within the ambit of "questions of law" for appellate court review would be abuse of discretion by the common pleas court.).
 {¶ 26} We note that the statutory chapter dealing with partition or line fences, R.C. Chapter 971, was extensively amended and recodified while this appeal was pending before this court. We will discuss the language of the statutes as it appeared when this matter commenced and before the changes became effective on September 30, 2008. See R.C. 1.48
(statute presumed to be prospective in its operation unless expressly made retrospective).
 {¶ 27} The former version of R.C. 971.02 stated that:
 {¶ 28} "The owners of adjoining lands shall build, keep up, and maintain in good repair, in equal shares, all partition fences between them, unless otherwise agreed upon by them in writing and witnessed by two persons. The fact that any land or tract of land is wholly unenclosed or is not used, adapted, or intended by its owner for use for agricultural purposes shall not excuse the owner thereof from the obligations imposed by this chapter on the owner as an adjoining owner. This chapter does not apply to the enclosure of lots in municipal corporations. * * *."
 {¶ 29} R.C. 971.04, in its former version, stated: "When a person neglects to build or repair a partition fence, or the portion thereof which he is required to build or maintain, the aggrieved person may complain to the board of township trustees of the township in which such land or fence is located. Such board, after not less than ten days' written notice to all adjoining landowners of the time and place of meeting, shall view the fence or premises *Page 6 
where such fence is to be built, and assign, in writing, to each person his equal share thereof, to be constructed or kept in repair by him."
 {¶ 30} In addressing the assignment of responsibility for partition fences, courts have stated that a landowner will not be relieved from the obligation imposed by R.C. Chapter 971 to share in the construction of a partition line fence on the ground that such fence will not benefit his land, without adducing proof, if the allegation of absence of benefit is challenged, that the cost of compliance will exceed the difference between the value of this land before and after the installation of the fence. Glass v. Dryden (1969), 18 Ohio St.2d 149, paragraph one of the syllabus; Parks v. Wayne Twp. Trustees (July 19, 1999), Fayette App. No. CA99-01-005 (landowner bears the burden of proving that a fence will not enhance the value of his property).
 {¶ 31} Before landowners can be compelled to bear the costs of improvements, they must receive benefits that exceed the expenses arising from the construction and maintenance of those improvements, which, in this case, are partition fences. In re Lane v. Union Twp.Trustees, 162 Ohio App.3d 37, 2005-Ohio-3497, ¶ 10; Wolfe v. Avon
(1984), 11 Ohio St.3d 81, 84 (landowner must offer sufficient proof of the value of his property before and after the alleged improvement).
 {¶ 32} There is a presumption that a partition fence benefits property immediately adjacent to it, unless the contrary is shown.Glass, 18 Ohio St .2d at 152. A partition fence, even if it only partially encloses land, provides some benefit because it prevents injury from livestock, deters trespassers, and lessens the cost of completing the enclosure of the property. See Jennings v. Nelson (1921),15 Ohio App. 395, 398-99; Duncan v. Vernon Twp. Trustees (Jan. 16, 2001), Clinton App. No. CA2000-05-015. The presumption of benefit is particularly compelling where the trustees have complied with R.C. 971.04 and viewed the partition line in dispute and observed the subject properties. Duncan. *Page 7 
 {¶ 33} Appellant testified before the Board that the fence would only benefit the adjoining owner who has livestock. Appellant also testified that the cost of the fence would exceed any increase in value to his property. Appellant also provided a letter from a residential appraiser. The appraiser stated in the letter that he visited the property and opined that the "proposed 750 [foot of] fence along the rear of the property would add no contributory value to the real property."
 {¶ 34} Appellant indicated that he received an "estimate" of $5,600, which appeared from the transcript to include clearing the area for the fence. The Board discussed with appellant and the adjoining owner the trees and brush in the area and acknowledged that the area of the fence line needed to be cleared if appellant placed the fence on the property line. The Board members indicated that they believed appellant could deviate, if needed, from the property line onto his property to avoid some clearing work.
 {¶ 35} When asked by the Board how he used his land, appellant told the Board that in the past he used his land to get "some hay off it," and did have "some cows" and "some horses," but he recently sold an old house on his land, built a new house, and was "getting started back up on it."
 {¶ 36} The Board recognized appellant's issues with the fence location and discussed appellant's possible options, given the terrain. In weighing the evidence, the Board acknowledged appellant's position and the appraiser's letter pertaining to value. After viewing the fence line and the nature of the surrounding property themselves, the Board determined that the fence would increase the value of appellant's land sufficiently to affirm the fence assignment.
 {¶ 37} After reviewing the transcript, the common pleas court found that the Board's decision was not unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. *Page 8 
We find the determination of the common pleas court regarding this administrative proceeding is supported by a preponderance of reliable, probative and substantial evidence.
 {¶ 38} Appellant challenged the common pleas court's standard of review, the determination of any benefit and any added value, and the placement of the fence given the uncultivated nature at the property line. We have reviewed appellant's issues set forth in this appeal and find them not well taken. We find no errors that would sustain appellant's claims on appeal, and overrule appellant's second assignment of error.
 {¶ 39} Judgment affirmed.
 YOUNG and POWELL, JJ., concur. *Page 1