[Cite as *Feasby v. Garza*, 2025-Ohio-5786.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## PAULDING COUNTY

TIMOTHY A. FEASBY, ET AL.,                CASE NO. 11-25-09

    PLAINTIFFS-APPELLANTS,

  v.

JOSEPH GARZA, ET AL.,                **OPINION AND**
**JUDGMENT ENTRY**

    DEFENDANTS-APPELLEES.

**Appeal from Paulding County Common Pleas Court**
**Trial Court No. CI 22 211**

**Judgment Affirmed**

**Date of Decision:  December 29, 2025**

APPEARANCES:

    *John E. Hatcher* for Appellants

    *Timothy C. Holtsberry* for Appellees

Case No. 11-25-09

**WILLAMOWSKI, J.**

{**¶1**} Plaintiffs-appellants Timothy A. Feasby and Rhonda D. Feasby ("the Feasbys") appeal the judgment of the Paulding County Court of Common Pleas, alleging that the trial court erred in concluding that their Civ.R. 60(B) motion for relief from judgment was being used as a substitute for a proper and timely appeal. For the reasons set forth below, the judgment of the trial court is affirmed.

*Facts and Procedural History*

{**¶2**} In 2012, the Feasbys purchased a residential property that was adjacent to where Joseph M. Garza and Karen S. Garza ("the Garzas") had lived for three years. On December 30, 2021, the Feasbys' attorney sent a letter to the Garzas. This letter indicated that the Feasbys were going to build a privacy fence on the boundary between their properties. The Feasbys asserted that they had a right to enter onto the Garzas' land to build their fence pursuant to R.C. 971.01, *et seq.* ("Chapter 971").[1]

{**¶3**} In response, the Garzas' attorney sent a letter to the Feasbys that stated Chapter 971 was not applicable to the residential properties at issue. After building their privacy fence, the Feasbys filed a complaint against the Garzas on December 22, 2022, "demand[ing] that Defendants pay for the construction of the partition

---

[1] Title IX of the Ohio Revised Code contains measures pertaining to agriculture, animals, and fences. In turn, Chapter 971 addresses to the installation and maintenance of partition fences on properties that do not fall within the exemptions listed in R.C. 971.03(B).

fence in the amount of $5,398.27" pursuant to a provision in Chapter 971. (Doc. 1). On January 19, 2024, the Garzas filed a motion for summary judgment.

{¶4} On May 2, 2024, the trial court issued a judgment entry that granted summary judgment in favor of the Garzas. The trial court found that Chapter 971 was not applicable to this case because R.C. 971.03(B) states that these provisions do not apply to "adjoining properties that are laid into lots outside of municipal corporations[.]" (Doc. 54), quoting R.C. 971.03(B). In addressing the Feasbys' arguments, the trial court concluded these properties did not have to be part of a platted housing subdivision to fall within R.C. 971.03(B).

{¶5} After the Feasbys appealed this judgment, this Court issued a decision on January 13, 2025. *Feasby v. Garza*, 2025-Ohio-74, ¶ 27 (3d Dist.). We concluded that the trial court had correctly determined that the properties at issues were laid out into lots within the meaning of R.C. 971.03(B). *Id.* at ¶ 20. Thus, we affirmed the trial court's decision to grant summary judgment. *Id.* The Feasbys then filed an application for reconsideration with this Court. On February 24, 2025, this application was denied as the Feasbys did not identify an obvious error or any matter that had not been fully considered on direct appeal but merely expressed disagreement with our decision.

{¶6} In April of 2025, the Feasbys "attempted to file an appeal with the Ohio Supreme Court, but the same was rejected . . . on procedural grounds." (Doc. 73). On May 1, 2025, the Feasbys filed a Civ.R. 60(B) motion for relief from judgment

with the trial court. In their response, the Garzas pointed out that the Feasbys filed their Civ.R. 60(B) motion "days after the Ohio Supreme Court rejected their appeal." (Doc. 62).

{¶7} On May 23, 2025, the Feasbys filed a motion to dismiss a counterclaim for trespass that asserted the Feasbys privacy fence had been built on land owned by the Garzas. In this timeframe, the Feasbys "took down" sections of the privacy fence. (Doc. 70).[2]

{¶8} On July 17, 2025, the trial court issued a judgment entry that found the Feasbys had not identified new evidence and that their claims were not meritorious. The trial court denied the Civ.R. 60(B) motion, ultimately concluding that the Feasbys were "attempting to use Civ.R. 60(B) as a substitute for appeal following their rejection from the Ohio Supreme Court." (Doc. 73).

*Assignment of Error*

{¶9} The Feasbys filed their notice of appeal on August 14, 2025. On appeal, they raise the following assignment of error:

> **The Court erred in overruling Appellant's Motion to Set Aside the Judgment Pursuant to Civil Rule 60(B).**

---

[2] A motion from the Garzas stated that "almost all of the privacy fence" had been removed in the spring of 2025. (Doc. 68). At oral arguments, the parties indicated that roughly two eight-foot panels of the privacy fence remained. The parties also stated that the Feasbys had moved and no longer lived next to the Garzas. This Court asked questions about how the sale of this land affected the issues or claims that were related to that land. However, since these issues were not raised by the parties, we do not consider them on appeal.

*Legal Standard*

**{¶10}** Civ.R. 60(B) provides litigants with a vehicle to seek relief from a judgment. *Wank v. Wank*, 2015-Ohio-3094, ¶ 19 (3d Dist.).

> The rule provides five potential grounds for relief which may be paraphrased as follows: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) that the judgment has been satisfied, released or discharged; or (5) any other reason justifying relief.

*American Business Mortg. Servs. v. Barclay*, 2006-Ohio-2532, ¶ 10 (10th Dist.). The fifth ground listed is a "catchall" provision that is applicable in extraordinary or unusual circumstances in which the movant establishes that substantial grounds warrant relief from the judgment. *Souders v. United States Bank N.A.*, 2023-Ohio-4709, ¶ 18 (3d Dist.). To prevail on a motion for relief from judgment,

> the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.

*GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. The failure to establish one of these three prongs means "the petitioner cannot prevail on the Civ.R. 60(B) motion." *United Bank v. Lemon*, 2018-Ohio-634, ¶ 6 (3d Dist.).

{¶11} "Civ.R. 60(B) exists to resolve injustices that are so great that they demand a departure from the strict constraints of res judicata." *Bank of Am., N.A. v. Kuchta*, 2014-Ohio-4275, ¶ 15. However, "public policy favors the finality of judgments . . . ." *Wells Fargo Bank, N.A. v. Collins*, 2021-Ohio-508, ¶ 25 (8th Dist.).

> There is a 'firm and long-standing principle that final judgments are meant to be just that—final.' *Ohio Pyro, Inc. v. Ohio Dept. of Commerce*, 115 Ohio St.3d 375, 2007-Ohio-5024, 875 N.E.2d 550, ¶ 22. Therefore, challenges to final judgments, other than through the appeal process, are disfavored and will succeed only in certain very limited situations. *Id*.

*Wedemeyer v. USS FDR (CV-42) Reunion Ass'n.*, 2010-Ohio-6266, ¶ 11 (3d Dist.). Thus, "a Civ.R. 60(B) motion may not be used as a substitute for appeal to collaterally attack a final judgment." *Collins* at ¶ 25.

{¶12} Similarly, a Civ.R. 60(B) also "cannot be held in reserve as a potential avenue for relief when all appeals have failed." *Mancz v. McHenry*, 2022-Ohio-3256, ¶ 22 (2d Dist.). Under the law-of-the-case doctrine, "legal questions resolved by a reviewing court in a prior appeal remain the law of that case for any subsequent proceedings at both the trial and appellate levels." *Giancola v. Azem*, 2018-Ohio-1694, ¶ 1. This doctrine is "designed to afford consistency in results, to prevent endless litigation, and to respect the hierarchy of courts . . . ." *Carlson v. City of Cincinnati*, 2022-Ohio-1513, ¶ 15 (1st Dist.).

Case No. 11-25-09

**{¶13}** For this reason, a trial court "has no discretion to disregard the mandate of a superior court in a prior appeal in the same case" in the absence of "extraordinary circumstances." *Lundeen v. Turner*, 2022-Ohio-1709, ¶ 13, quoting *Nolan v. Nolan*, 11 Ohio St.3d 1 (1984), at the syllabus. "The [Ohio] Constitution does not grant to a court of common pleas jurisdiction to review a prior mandate of a court of appeals." *State ex rel. Potain v. Mathews*, 59 Ohio St.2d 29, 32 (1979). However, if "the aggrieved party relies on facts added to the record after the appellate court rendered its decision, the law-of-the-case doctrine does not apply." *Carlson* at ¶ 16.

*Legal Analysis*

**{¶14}** In their Civ.R. 60(B) motion, the Feasbys raise arguments that address our decision in *Feasby I*. Our prior decision involved the interplay of Chapter 971; the Supreme Court of Ohio's decision in *Glass v. Dryden*, 18 Ohio St.2d 149 (1969); and the circumstances of the properties in Paulding County. R.C. 971.03(B) states that the provisions in Chapter 971 do not apply to "[t]he enclosure of adjoining properties that are laid out into lots outside of municipal corporations." In *Glass v. Dryden*, the Supreme Court of Ohio held that

> [t]he exemption from the duty to construct and maintain a partition line fence granted to the owner of 'lands laid out into lots' . . . contemplates that the land shall have been subdivided *or platted* in compliance with Section 711.001 *et seq*., Revised Code.

(Emphasis added.) *Glass* at paragraph two of the syllabus. This decision further said that "[l]and cannot be 'laid out into lots' unless and until it has been surveyed, platted, and approved by the board of county commissioners or a planning commission in conformity with those statutes." *Id*. at 153.

{¶15} In their prior direct appeal, the Feasbys argued that "the 'lots in question do not meet the definition of subdivision set out in ORC 711.001(B)(1).'" *Feasby*, 2025-Ohio-74, at ¶ 15-17 (3d Dist.), quoting (Appellants' Brief *Feasby I* at 7). In response to the Feasbys' arguments, we addressed the question of whether *Glass* required the Garzas to establish that their land was a part of a housing subdivision in order to be "laid out into lots" under R.C. 971.03(B).

{¶16} In *Glass*, Cooper sought Glass's contribution to a partition fence. Glass had been "vexed by damage from her adjoining owner's cattle straying onto her premises" but argued that her property was "laid out into lots" because she intended to "develop a housing project on her land" in the future. *Glass* at 153. While Glass had performed "some activity in the form of grading," her land had not been "surveyed nor in fact subdivided into lots. . . ." *Id*. As Glass did not appear "committed to this project," the Supreme Court of Ohio concluded her property had not been laid out into lots and was subject to Chapter 971. *Id*.

{¶17} Since Glass was arguing that her property was a housing subdivision and was, therefore, laid out into lots, she had to demonstrate that she had established a housing subdivision. In contrast, the Garzas were not arguing in *Feasby I* that

their land was a housing subdivision and did not, therefore, have to establish precisely what Glass did. *Feasby*, 2025-Ohio-74, at ¶ 19 (3d Dist.). In other words, while the rule in *Glass* was applicable in this case, what the Garzas had to demonstrate was distinguishable. *Id*. Thus, we found the trial court did not err in finding *Glass* distinguishable in this regard. *Id*.

**{¶18}** Based on this analysis in *Feasby I*, we noted that *Glass* did not require the land to be a part of a housing subdivision to be laid out into lots within the meaning of R.C. 971.03. *Feasby*, 2025-Ohio-74, at ¶ 16 (3d Dist.). *See Glass* at paragraph two of the syllabus (R.C. 971.03 "contemplates that the land shall have been subdivided *or platted* in compliance with [R.C.] . . . 711.001 *et seq*.").

**{¶19}** In response to the Feasbys' arguments, "the Garzas pointed out that the three parcels of land at issue were surveyed, platted, and recorded in 1969, 1970, and 1992, which was before a planning commission was established for Paulding County in 1996." *Feasby*, 2025-Ohio-74, at ¶ 18, fn. 3 (3d Dist.). Further, the Garzas argued that,

> with no planning commission at the time when these lots were laid out, the Board of County Commissioners gave authority to the Engineer's office to approve descriptions, and plats, and subdivisions and that the lots involved herein were 'laid into lots' as defined in *Glass* . . . .

(Doc. 54),[3] citing *Glass*, 18 Ohio St.2d 149, at 153 ("Land cannot be 'laid out into lots unless and until it has been surveyed, platted, and approved by the board of county commissioners or planning commission" pursuant to R.C. 711.001, *et seq.*). After examining the record in *Feasby I*, we concluded that this process of having these parcels surveyed, platted, and recorded rendered the properties at issue as laid out into lots under R.C. 971.03(B). *Feasby* at ¶ 20.

{¶20} In their Civ.R. 60(B) motion, the Feasbys challenged the aforementioned conclusions from *Feasby I*. While they assert that their filing falls within the ambit of Civ.R. 60(B)(5), their brief merely reasserts arguments that were decided in *Feasby I* and that are based upon the facts in the record that existed at the time of their direct appeal. However, they "cannot establish a meritorious claim or defense under Civ.R. 60(B)(5)" because we "previously found no merit" in these exact arguments. *Lundeen*, 2022-Ohio-1709, at ¶ 14.

{¶21} Further, the resolution of these arguments in *Feasby I* formed the law of the case when the Feasbys filed their Civ.R. 60(B) motion. *Lundeen.* 2022-Ohio-1709, at ¶ 14. For this reason, the trial court "was bound by that decision." *Lane v. U.S. Bank N.A.*, 2025-Ohio-5055, ¶ 9 (10th Dist.). Thus, we conclude that the trial court did not err in relying upon our prior decision in *Feasby I* as a basis to deny the Feasbys' Civ.R. 60(B) motion. *Wedemeyer*, 2010-Ohio-6266, at ¶ 18 (3d Dist.).

---

[3] The Garzas also pointed out that "R.C. 711.131 which existed from 1953 to 2002 stated, in pertinent part, that a proposed division of a parcel of land involving no more than five (5) lots . . . may be submitted to the authority having approving jurisdiction of the plats." (Doc. 54).

*See also Struckman v. Bd. of Educ.*, 2019-Ohio-115, ¶ 27 (4th Dist.), quoting *State ex rel. Rogers v. Marshall*, 2008-Ohio-6341, ¶ 33 (4th Dist.) ("Where an appellate court has already ruled on an issue in a direct appeal, a trial court's 'reconsideration' of that same issue is inconsistent with the . . . doctrine of the law of the case.").

{¶22} Ultimately, if the Feasbys "disagreed with the outcome of an appeal to this [C]ourt, [their] . . . remedy was through an appeal to the Supreme Court of Ohio, not a motion for relief from judgment in the trial court." *Lane*, 2025-Ohio-5055, at ¶ 8 (10th Dist.). However, their appeal to the Supreme Court of Ohio was "rejected . . . on procedural grounds." (Doc. 73).[4] As a result, they raised arguments challenging *Feasby I* with the trial court in a Civ.R. 60(B) motion. Litigants must "pursue appealable issues directly to the appropriate higher court rather than inappropriately seek appellate review at the trial level in the guise of relief from judgment." *Burgess v. Safe Auto*, 2005-Ohio-6829, ¶ 33 (2d Dist.).

{¶23} In summary, the fact that the Feasbys' arguments were rejected in *Feasby I* does not provide them with substantial grounds for relief from judgment under Civ.R. 60(B)(5). Since their arguments had already been rejected on direct appeal, they also could not identify a meritorious claim or defense as is required to prevail on a Civ.R. 60(B) motion. *Lundeen*, 2022-Ohio-1709, at ¶ 14. Thus, the

---

[4] Their brief identifies arguments and materials that were "prepared . . . for a potential filing in the Supreme Court [of Ohio] (that filing failed for reasons that were not on the merits)." (Appellants' Brief, 7). This language indicates that the Civ.R. 60(B) motion was asserting arguments that the Feasbys wanted to raise to the Supreme Court of Ohio if their appeal had been properly filed and accepted.

Feasbys have failed to establish that the trial court erred in denying their Civ.R. 60(B) motion for relief from judgment.  The sole assignment of error is overruled.

*Conclusion*

**{¶24}** Having found no error prejudicial to the appellants in the particulars assigned and argued, the judgment of the Paulding County Court of Common Pleas is affirmed.

***Judgment Affirmed***

**WALDICK, P.J. and ZIMMERMAN, J., concur.**

# <u>JUDGMENT ENTRY</u>

For the reasons stated in the opinion of this Court, the assignment of error is overruled and it is the judgment and order of this Court that the judgment of the trial court is affirmed with costs assessed to Appellants for which judgment is hereby rendered. The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket. *See* App.R. 30.

 

_____

John R. Willamowski, Judge

 

_____

Juergen A. Waldick, Judge

 

_____

William R. Zimmerman, Judge

DATED:
/hls